## SUPREME COURT.

JOHN L. SUTHERLAND agt. OSCAR TYLER, sheriff, &c.

Before the amendment of the 349th section of the Code, in 1852, a decision sustaining or overruling a demurrer could not have been *appealed* from, until after all the issues had been disposed of, and final judgment perfected. That amendment authorizes an appeal before judgment.

But a party cannot, under § 349 as amended, perfect judgment on an issue of law, while there are issues of fact undisposed of.

Where the plaintiff appealed from the decision overruling the demurrer as a judgment, and not as an order, and the defendant perfected judgment upon the decision on appeal, while there were questions of fact undisposed of, *held*, that both parties were in error in their practice; and it appearing that the decision on the question of law was final in the case, and no motion having been made to set aside the judgment, the plaintiff's appeal was regarded as having been taken from an order, and a question of costs finally disposed of.

In such case, the defendant should have taxed his costs as upon the trial of an issue of law, $12, instead of $15 before argument, and $30 upon the argument.

*Albany Special Term, March,* 1855.

MOTION for readjustment of costs.

The action was brought by the plaintiff as assignee of Joel B. Nott, to recover the sum of one hundred dollars, alleged to have been paid upon an execution against Nott, in the hands of a deputy of the defendant. It was alleged in the complaint that, after such payment, the execution had been returned wholly unsatisfied; and that since such return, Nott, the defendant, had been compelled to pay the whole amount of the judgment.

The defendant, in his answer, denied the allegations in the complaint, relating to the payment of the money by Nott to his deputy, and then set up by way of defence, the recovery of a judgment against Nott, in an action by the assignee of the judgment upon which the execution had been issued, in which the payment of the money to the defendant's deputy had been put in issue, and found against the defendant in that action.

To this part of the answer, the plaintiff, in August, 1851, demurred. The demurrer having been argued at a special term, an order was made by the court overruling the demurrer, and allowing the plaintiff to withdraw the same, and reply within twenty days, on payment of costs. After this decision, a stipulation was executed by the parties, whereby it was agreed, that the plaintiff should have until, and including, the 15th of July, 1853, for the purpose of withdrawing his demurrer to the answer, replying and paying costs; and that, if such demurrer should not be withdrawn, and the costs paid, by that day, the defendant should be at liberty to perfect judgment for $96.98 costs.

The plaintiff, not having complied with the terms of the stipulation, the defendant, on the 16th of July, entered judgment for ninety-six dollars costs of the "said issue of law."

On the 15th of August, 1853, the plaintiff's attorney served upon the defendant's attorney a notice of appeal "*from the judgment entered on the 16th of July for ninety-six dollars, and striking out the demurrer of the plaintiff.*" The appeal was brought to a hearing at the Albany general term, in February, 1855, and, according to the affidavit upon which the motion was founded, the court "*decided adversely to the plaintiff, and dismissed said appeal.*"

The defendant entered judgment for $115.52 costs upon the appeal. Upon the taxation of costs, the plaintiff's counsel insisted that the defendant was only entitled to the costs of a motion. The plaintiff moved for a retaxation of the costs.

CHARLES C. NOTT, *for plaintiff.*

JOHN K. PORTER, *for defendant.*

HARRIS, Justice. The answer of the defendant in this case, though quite informal, contains three distinct defences. At the time the answer was put in, a demurrer to an answer was authorized, and the plaintiff accordingly demurred to the second defence. The case was thus put in readiness for a trial upon issues of fact formed by the first and third defences, and an issue of law formed by the demurrer. The issue of law alone was tried. The decision was in favor of the defendant. The condition annexed to the decision was not accepted by the plaintiff, and the defendant became entitled to judgment upon the issue of law, unless the decision should be reversed upon appeal. The amount of the costs upon the demurrer having been fixed by the agreement of the attorneys, the defendant, without reference to the issues of fact remaining undisposed of, undertook to perfect a judgment in the action for the costs upon the issue of law. This he could not regularly do. A judgment is defined to be "a final determination of the rights of the parties." Such "final determination" could not be made, so long as there were issues of fact between the parties which had not been tried. The judgment entered upon the decision of the demurrer, amounted to nothing more than an order of the court overruling the demurrer, and declaring the right of the defendant to judgment upon that issue. But for the amendment of the 349th section of the Code, adopted in 1852, a review of the decision upon appeal could not have been had, until after all the issues had been disposed of and final judgment perfected. That amendment authorized an appeal before judgment.

Both parties have erred in their practice : the defendant, in perfecting judgment upon the issue of law, when several issues of fact remained upon the record undisposed of ; and the plaintiff, by appealing from the decision upon the demurrer as a judgment, and not as an order. But, though the appeal was, in form, an appeal from a judgment, I can see no objection to giving effect to the decision of the general term upon such appeal, as an appeal under the second subdivision of the 349th section of the Code.

For the reasons already stated, the defendant was also irregular in perfecting judgment upon the decision of the general term. There can be but one final judgment in the same action. By that judgment all the points in controversy between the parties must be determined. The record of this judgment does not show such a determination.

But as the decision of the demurrer is evidently fatal to the plaintiff's action, and no motion has been made to set aside the judgment as having been prematurely entered, I proceed to consider the question of costs presented by this motion.

Regarding the appeal as really an appeal under the 349th section of the Code, though in form an appeal from a judgment, the case is brought directly within the decision in *Van Schaick* agt. *Winne*, (8 *How*. 5,) and the defendant, instead of taxing costs as upon an appeal from a judgment, should have taxed his costs as upon the trial of an issue of law. Then he would have been allowed twelve dollars for the trial of the issue of law before the general term, inst ead of *fifteen* dollars before argument, and thirty dollars upon the argument of the appeal. *Thirty-three* dollars must, therefore, be deducted from the costs as taxed.

Neither party should have costs upon this motion.