BELKNAP *a.* McINTYRE.

*Supreme Court, First District; Special Term, November,* 1855.

SET-OFF.—JUDGMENT ON DEMURRER TO ANSWER.

A defendant cannot set off a claim against the plaintiff and another, which he has already assigned to a third person, by way of counter-claim to the plaintiff's cause of action.

Where an answer sets up more than one defence, and one of them is held bad on demurrer, the plaintiff can have an order only that judgment shall be entered in his favor, unless the defendant shall succeed upon the issues joined. An absolute judgment for the plaintiff on the demurrer is improper in such a case.

Appeal from a judgment for plaintiff, on a demurrer to the defendant's answer.

*A. Clark,* for appellant.

*A. Cardozo,* for respondent.

MITCHELL, J.—The defendant, by way of counter-claim, shows that Belknap and James were partners; and that Belknap, for himself and partner, made various promises to the defendant, on which Belknap and James became indebted to

the defendant in various sums exceeding the amount of the plaintiff's claim ; and the defendant adds, that he assigned to one McGregor all the right, title, interest, claim or demand whatever, which the defendant had to the said several debts or claims against the said Belknap and James, or either of them. The plaintiff demurred to this part of the answer, and the answer was held to be bad.

It is objected to the defence, first, that the claims of the defendant were not against the plaintiff solely, but against him and his partner James ; and second, that the defendant has assigned these claims to another ; and so they are not " due to him, either in his own right" or otherwise. (2 *Rev. Stats.*, 234, § 32). The statute of set-off (*Ib.*) is express, that if there be several defendants, the demand set off must be due to all of them *jointly* ; so that if McGregor (as is stated) has sued Belknap and James, they cannot set off the plaintiff's claim in this suit which is due to Belknap alone, if this action is properly brought. The effect would be that the defendant's assignee would recover, or the defendant, if he sued for the claims set up in his answer, could recover the whole of those claims, without allowing this individual claim of the plaintiff to be deducted ; and then if this defendant's answer were sustained, this plaintiff would also lose this claim, in consequence of this set-off. That cannot be.

The defendant has assigned all his right to these claims : that was an absolute right, not subject to any set off ; if the assignment reserved to the defendant a right to so much as would be a satisfaction of this defendant's claim, he should have shown that in answer ; failing to do that, he has not stated " facts sufficient to constitute a defence," even if this were a case for a set-off.

The order below should be affirmed with costs, modifying its form so that it declare, that it is " adjudged that the part of the answer demurred to does not state facts sufficient to constitute a defence to the action," and that judgment shall be entered for the plaintiff with costs, unless the defendant shall succeed on the issues of fact or some of them, instead of ordering a present and absolute judgment for the plaintiff on the demurrer, with costs to be adjusted. Judgment cannot be

given until the issue in fact shall be decided. The defendant may also have leave to amend in twenty days, on payment of costs on the demurrer, and on the appeal.