---

# NEW YORK SUPERIOR COURT.

ANTONIO M. MOZA and others agt. THE SUN MUTUAL INSU-
RANCE COMPANY.

Where, in an action for the recovery of money, the answer, after putting at issue
the material allegations of the complaint, sets forth by way of defence several
causes of action as counter-claims, and the counter-claims are demurred to, and
on argument of the demurrers, judgment is ordered for the plaintiff on the demur-
rers, " with costs," but with liberty to amend the answer on payment of costs of
the demurrers, and the defendant omits to amend the answer, the costs of the
demurrers cannot be collected by a *precept* under the act of 1840, (*chap.* 386,
§ 15, *p*. 333,) and the act of 1847, (*chap.* 390, *p*. 491,) the issues of fact being
untried.

Such costs are not *interlocutory costs*, nor the costs of a *special motion*, within the
meaning of these statutes.

They are the costs of the trial of an issue of law, and if recoverable, can only be
collected by execution on the final judgment that may be entered in the action.

*At Special Term, September* 27, 1861.

*Before* BOSWORTH, *Ch. Justice.*

THE defendants move to set aside a precept issued by
the plaintiffs to collect costs of proceedings upon demur-
rers interposed by them to parts of defendants' answer.

This suit is upon a policy of insurance on merchandize,
issued by the defendants.   The defendants set up in the

first *three* heads of their answer, various matters of defence; and then in the fourth, fifth and sixth heads of the answer set forth by way of separate counter-claims, three several promissory notes made by the plaintiffs and held by the defendants. The plaintiffs demurred to said fourth, fifth and sixth defences. The demurrers were argued at special term, and by the decision made thereon, dated May 14, 1861, " It is ordered that the plaintiffs have judgment against said defendants on each and all of said demurrers, with costs, with liberty to the defendants to amend their answer within twenty days from the date of this order, on payment of the costs of the demurrers, which are hereby fixed at thirty-seven dollars and ten cents."

The defendants did not amend their answer. After the twenty days given to amend had expired, the plaintiffs' attorney demanded of the defendants' attorney the $37.10 costs, which the latter declined to pay, saying the defendants had concluded not to amend their answer.

The plaintiffs' attorney thereupon issued process in the nature of a *fieri facias* (here called a precept,) to collect such costs. It has been levied on defendants' property.

The issues of fact raised by the first, second and third heads of defendants' answer, have not been tried.

The defendants now move to set aside said precept.

H. P. FESSENDEN, *for defendants.*
FRANCIS H. DYKERS, *for plaintiffs.*

BOSWORTH, Ch. Justice. The authority to issue the precept in this case, must be found in the Laws of 1840, (*ch.* 386, § 15, *p.* 333,) and the Laws of 1847, (*ch.* 390, *p.* 491,) or else it must be set aside as unauthorized and illegal. No other statute is cited as conferring authority to issue it.

Section 15 of *chap.* 386 of the Laws of 1840, enacts that " all orders awarding costs upon granting or denying *special motions*, shall specify the amount of such costs; and

where the order for the payment of costs, or any sum of money upon *special motion*, is not conditional, a precept to enforce payment of such costs, or sum of money, may be issued without any demand, or application to the court."

Chap. 390 of the Laws of 1847 enacts (§ 2) that " no person shall be imprisoned for the non-payment of *interlocutory* costs," except in certain special cases enumerated in that section.

§ 3. " Process in the nature of a *fieri facias* against personal property, may be issued for the collection of such costs founded on such order of court."

*Interlocutory* (in law) means that which decides not the cause, but only settles some intervening matter relating to the cause. The matter thus settled is brought before the court by special motion.

A judicial examination of an issue of law is a *trial*. (*Code*, § 252.)

Such an issue must be noticed for trial (*id.*, § 256,) and be placed on the calendar, and must be tried by the court, (*id.*, § 253,) and a *trial* fee is given to the successful party, if he succeeds in the cause, (*id.*, § 307, *sub.* 4,) otherwise not.

The decision upon the demurrer, when liberty to amend is not given, is final. And if liberty be given, but it is not acted upon within the prescribed time, the ·decision then becomes absolute and final. It is a final determination of the rights of the parties, as to the cause of action or defence covered by the demurrer. It is *quoad hoc* a judgment. (*Id.*, § 245.)

No record can be made up until the issues of fact are disposed of. (*Masters* agt. *Barnard*, 6 *How.*, 113.) And in this case, if the defendants should obtain a verdict on the issues of fact, the plaintiffs cannot have any costs of their demurrers, (*id.*) Such was the law prior to the Code. (2 *R. S.*, 617, § 28, [27.])

There is no provision in the Code, authorizing the award of costs to both parties on the final disposition of an action

for the recovery of money. Either the plaintiff or the defendant recovers his costs of the action; but only one of them can have such costs; and the amount of such costs is fixed by the Code, and is not a subject of judicial discretion.

This motion should be disposed of as it would be, if the order of the 14th of May, 1861, did not give defendants liberty to amend on terms. Those terms have not been complied with, and that part of the order has become inoperative. Rejecting that, the order is, that " the plaintiffs have judgment on each and all of said demurrers, with costs."

Such was the order in *Wesley* agt. *Bennett*, (6 *Abb.*, 12,) except that the order in the latter case gave $10 costs of the *motion* ; judgment having been moved for under § 247 of the Code. Yet it was held in that case that the $10 costs could not be collected by precept, but must be included in the judgment, and collected by execution upon it. That demurrer was to only one of two causes of action stated in the complaint, and the issues of fact joined upon the allegations constituting the other cause of action had not been tried. (*See, also, Wesley* agt. *Bennett*, 5 *Abb. R.*, 498.)

In that case as in this, the costs sought to be collected were costs of a proceeding to obtain judgment as the immediate and only decision to be made upon it. In the present case, that proceeding was not a *motion*, but a *trial;* and the costs in question 'are the costs of that trial; and the order in which that proceeding ended is, that the plaintiffs have *judgment.*

The added words, " with costs," only import that it is to be part of the judgment ordered, that the plaintiffs recover costs of the demurrers. This should, probably, be understood to mean, that they recover costs of the demurrer, if entitled to the costs of the action; as by law they are entitled to them only in that contingency.

But if construed to mean that the order awards costs of

demurrers, even though the defendants should succeed on the whole record, the difficulty still remains, that they are the costs of certain issues only, which, on a trial thereof, were decided in favor of the plaintiffs ; and the decision is, that the plaintiffs have judgment on their demurrers, with the costs of the demurrers. They must be collected like the costs of any trial followed by judgment.

Still, I think it should be held that no costs are awarded, if the plaintiffs do not recover $50. A judgment " with costs" is a judgment, with such costs, as the law gives in the particular case, and dependent upon the contingencies to which the law subjects them.

If these views are correct, it was irregular to issue a precept.

*Drummond* agt. *Husson*, (1 *Duer*, 633,) decides nothing in conflict with the views already stated.

Section 349 of the Code treats a decision *sustaining* or *overruling* a demurrer, as an *order*. The only consequence of this statutory law is, that the *trial* of an issue of law may result in a decision which is called an *order;* an *appeal* from which will be regarded as a *motion*, for all the purposes of the costs of such appeal.

The construction given to § 349, *sub.* 2 of the Code, treats all decisions of demurrers as *orders*, when they give leave to amend, so long as the time to amend is running.

But there has been no construction given to it, which converts the trial of an issue of law into a special motion, or takes from the successful party the trial fee given by the Code, and substitutes for it the costs of a motion.

The remark in *Drummond* agt. *Husson*, that the only effect of a decision of a demurrer relating to only a part of a pleading, " is to strike out or retain that part of the pleading to which the demurrer applies, leaving the other issues undetermined," is calculated to mislead, if it favors the idea that sustaining a demurrer to a pleading expunges such pleading from the record.

A *demurrer to a pleading* for insufficiency, if sustained, decides that it does not contain a cause of action or a defence; but the pleading remains on the record. Still, the matter of it does not enter into the consideration of the court in the subsequent progress of the cause, prior to judgment.

If overruled, then the decision establishes the sufficiency of the cause of action or defence, and the demurrer admits the truth of the facts stated in the pleading demurred to.

These costs, in my opinion, cannot be called interlocutory costs, with any more propriety than the costs of the trial of the issues of fact. If a complaint contain two causes of action, and only two, and issues of fact be joined as to one of them, and a demurrer be interposed to the other for insufficiency, the issue of fact must be tried by a jury, and the issue of law by the court, if the action be one for the recovery of money. On the trial of the issue of law, judgment is ordered for the defendant " with costs ;" on the trial of the issue of fact, the plaintiff recovers over $50, and of course recovers costs. The costs of the trial of one issue can no more be called interlocutory, than the costs of the trial of the other issue.

If, in such a case, the defendant will recover the costs of his demurrer, he will recover them as the costs of a trial, which, by the very terms of the decision made, are to constitute a part of the judgment ordered in his favor. They are the final costs of the last proceeding had to determine the issue of law, and are neither interlocutory nor the costs of a special motion.

The precept must be set aside as irregularly issued.