## SUPREME COURT.

HERMAN VON KELLER, respondent, agt. HERMAN SCHULTING and others, appellants.

Where the court of appeals affirms an order of the supreme court reversing a judgment entered upon the report of a referee and granting a new trial, and renders judgment absolute for the defendants with costs, the awarding of costs by that court entitle the defendants to costs from the commencement of the action, notwithstanding the costs were in the discretion of the court or referee below, and none were allowed to the plaintiff on recovering judgment.

*New York General Term, March,* 1873.
*Before Hons.* D. P. INGRAHAM *and* NOAH DAVIS, *JJ.*

THIS is an appeal from an order made by Hon. GEORGE C. BARRETT, justice at special term, refusing to allow, on a review from the clerk's decision, certain costs to the defendant, Schulting. A bill of costs, on the part of the defendant, Schulting, was presented to the clerk of this court for adjustment, and on objection the clerk refused to tax the same on the ground that, there being other defendants, but one bill of costs of the joint parties should be allowed. The defendant, Schulting, appealed therefrom to the special term, and the court held that "but one bill of costs be allowed on the appeal to the court of appeals. That a separate bill of costs be allowed to the defendant, Schulting, on the appeal to the general term, the order of the general term having provided for separate costs and that no costs be allowed prior to such appeal."

The action was what was formerly known as an equity suit and was brought for an account and payment of a certain interest in the profits arising from the sale of a stock of goods sold by

the defendants, Stursberg & Co., for account of themselves and others, the plaintiff, Von Keller, claiming to have purchased from the defendant, Schulting, his share in such profits. The cause was tried before Hon. James Emott, who reported in favor of the plaintiff for $1,660.62 against the defendants, Stursbergs, the custodians of the fund, but without costs, as against any party, and judgment was entered upon the report accordingly.

The defendants, Stursbergs, and the defendant, Schulting, appeared by separate attorneys and answered separately, but on the appeal from the judgment to the general term they united in a case on said appeal. The general term reversed the judgment and ordered a new trial, with costs to each of the appealing parties. From this order the plaintiff appealed to the court of appeals, where the order was affirmed and judgment absolute was rendered in favor of the defendants with costs.

The defendant, Schulting, appealed from the order of the special term, disallowing him certain costs, to the general term.

C. BAINBRIDGE SMITH, *for the defendant, Schulting, and appellant.*

I. The defendant, Schulting, is entitled to a separate bill of costs.

1. He was the owner of the fund in controversy and appeared by his own attorney ( *Wait's Annotated Code,* § 306, *and notes;* 7 *Bosworth,* 699; 3 *id.,* 632; 18 *How. Pr.,* 102; 13 *id.,* 506; 5 *id.,* 336; *Ten Broeck* agt. *Finch,* 6 *Hill,* 267).

2. If the general term, instead of reversing the judgment with costs to the appellant, had reversed it on payment of costs to the plaintiff in such case, the costs of the trial and all subsequent proceedings would require to have been paid (8 *How. Pr. R.,* 1; 7 *id.,* 370; 29 *id.,* 89; *Wait's Code,* § 306).

II. The court of appeals not only rendered judgment abso-

Von Keller agt. Schulting.

lute with costs, but affirmed the order granting a new trial with costs (*Bogardus* agt. *The Rosendale M. Co.*, 1 *Duer*, 592; *Daniels* agt. *Lyons*, 9 *N. Y. R.*, 549). If the court of appeals had intended to limit the costs of the defendants to the costs of that court, it would have declared so (*Cahoon* agt. *The Bank of Utica*, 7 *N. Y. R.*, 486).

JOSEPH LAROCQUE, *for plaintiff and respondent.*

I. This was not an action in which costs were allowed to the prevailing party of course (*Code*, § 304).

II. The costs in this case are governed by section 306, which leave them entirely in the discretion of the court. And in this class of cases no costs are recoverable except such as are expressly awarded by the judgment of the court (*Wood* agt. *Brooklyn F. Ins. Co.*, 10 *How. Pr. R.*, 154; *Williams* agt. *Hogan*, 13 *id.*, 138).

III. There is no authority to be found in any judgment of this court or of the court of appeals for the recovery of costs prior to the appeal to the general term.

*By the Court.*—The defendants are entitled to one bill of costs to the recovery of the judgment, and each defendant to a separate bill on appeal from the judgment to the general term of this court and to a joint bill of costs on the appeal to the court of appeals, without costs of this appeal.