THOMAS MURPHY, RESPONDENT, *v.* DAVID ALLERTON, DAVID ALLERTON, JR., AND WILLIAM WATTS, APPEL-LANTS.

*Answer — several defenses — where a demurrer to one is sustained — proper judgment thereupon.*

Where there are several grounds of defense set up in an answer, to one of which a demurrer is put in — which demurrer is sustained — and the court at Special Term thereupon decided "that plaintiff have judgment for the relief demanded in his complaint against the said William Watts, unless he file and serve an amended answer, and pay the plaintiff costs of this demurrer within twenty days after service of a copy of this order : "

*Held,* that as the defendant had remaining one issue, to be tried by a jury, he did not need an amended answer for that, and assuming the demurrer to have been good, the judgment should have been, that the plaintiff have judgment unless the defendant succeeded on the issue, with leave to the defendant to amend the defense demurred to on payment of costs.

APPEAL from an order made at Special Term, sustaining a demurrer to one defense set up by an answer.

*P. L. McClellan,* for the appellant.

*R. K. McOrmsby,* for the respondent.

BARNARD, J. :

The complaint asks for the delivery to the plaintiff of " one cow," which the defendant has become possessed of and wrong-fully detains from the plaintiff.

651

The defendant William Watts makes three defenses:

1st. That he has no knowledge that plaintiff was the owner of one cow.

2d. A general denial.

3d. That defendant, under chapter 814 of the Laws of New York, passed May 9, 1867, took into his possession "a certain red cow," which was ordered sold under that statute.

The plaintiff demurs to this last defense for the reason that it does not state facts sufficient to make a defense.

The defense demurred to is technically defective, in not averring that the "one cow" of the complaint and "a certain red cow" of the answer were one and the same cow. The court at Special Term went too far in ordering judgment for relief demanded in the complaint unless the defendant file and serve an amended answer, and pay costs.

The defendant had remaining one issue to be tried by a jury, and he did not need an amended answer for that. The judgment should have been, assuming the demurrer to have been good, that plaintiff have judgment unless the defendant succeeded on the issues. (*Belknap* v. *McIntyre*, 2 Abb. Pr., 366; *Sutherland* v. *Tyler*, 11 How. Pr., 251.)

Leave should have been given to defendant to amend the defense demurred to if he elected so to do, on payment of costs.

The order appealed from should be reversed, and leave given to defendant to insert an allegation that the cow of the third defense is the cow in question, without costs to either party, either of demurrer or of appeal.

DYKMAN, J., concurred. GILBERT, J., not sitting.

Order sustaining demurrer reversed, and leave to amend third defense given without costs; order to be settled by Justice BARNARD.