BIERSHENK *et al.* *v.* STOKES.

*(Common Pleas of New York City and County, General Term.* May 2, 1892.)

1. MECHANICS' LIENS—RIGHT TO PERSONAL ACTION.
    The fact that plaintiff has filed a mechanic's lien for work and labor is no defense to an action to recover for such work and labor; since Laws 1885, c. 342, permitting a personal judgment where plaintiff fails to establish a lien, does not exclude the right to a personal action for the debt if the lienholder chooses to resort to that remedy.

2. SAME—COUNTERCLAIM—EXPENSES OF REMOVING LIEN.
    In such action, the expenses of removing the lien, and preparing for an anticipated action to enforce the lien, cannot be made the subject of a counterclaim, since those matters do not "arise out of the contract or transaction set forth in the complaint, " and are not "connected with the subject of the action. "

3. COURT OF COMMON PLEAS—APPELLATE JURISDICTION—CITY COURT.
    Though the general term of the city court of New York city errs in entering final, instead of interlocutory, judgment, overruling a demurrer to a counterclaim, thereby reversing an order of special term, an appeal nevertheless lies to the court of common pleas, under Code Civil Proc. § 3191, which provides for an appeal to that court from a final judgment entered on an appeal to the general term of the city court; but in such case the court cannot pass on the merits of the demurrer, and can only remit the case to the city court for the entry of an interlocutory judgment.

Appeal from city court, general term.

Action by Philip Biershenk and another against William E. D. Stokes. A demurrer to a part of defendant's answer was sustained by the special term of the city court. From an order of the general term of that court reversing the order of the special term, and overruling the demurrer, plaintiffs appeal. Reversed.

The opinion at the general term of the city court was delivered by FITZSIMONS, J., and was concurred in by VAN WYCK and McCARTHY, JJ., and is

as follows: "The defendant's answer, contained in paragraphs second, fifth, sixth, and seventh, is framed upon the theory that plaintiff, in his complaint, failed to correctly set out the facts of the transaction pleaded, and that the answer does so by pleading new matter, which truthfully alleges the facts, and presents a valid defense. I believe that such a pleading is proper, for the Code reads that the complaint shall contain a plain and concise statement of the facts, and that the answer may allege new matter constituting a defense. If the plaintiff fails in his complaint to state truthfully the facts of the cause of action sued upon, I think that the defendant may, in his answer, deny the contents of the complaint, and then set out in his own way a plain and concise statement of the transaction referred to in the complaint, and this is just what the defendant herein claims he did in the sections mentioned. Such pleading, I think, is in conformity with the spirit of the Code, which contemplates that each party to an action shall fully, fairly, and truthfully state the facts upon which they respectively rely to succeed in the prosecution or defense of the same. It apprises each of the parties of the attitude of the opponent. No surprises are encountered at the trial. The trial justice and jurors are enlightened concerning the question in dispute. The worst, I think, that can be said against it is that it discloses too much. For that reason it might be stricken out as surplusage, with perhaps ten dollars, but should not be declared demurrable with full costs. The fourth and eighth paragraphs of the answer also seem to me to be proper, if, as therein alleged, the plaintiffs filed a lien against defendant's real estate, when they had no right to do so, and that defendant was put to the expense and trouble of having that lien removed, which, if it remained uncanceled of record, would be a cloud and incumbrance on his property. I think that in such a case he is entitled to recover proper damages. The order appealed from should be reversed, and the demurrer overruled, with costs."

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Oscar Richter,* for appellants.   *William R. Martin,* for respondent.

DALY, C. J.   The complaint was for work, labor, and services, and the answer of the defendant, besides denying that the plaintiffs performed said work for him, set up as new matter constituting a defense and counterclaim, facts showing that the plaintiffs had filed an unauthorized mechanic's lien against his property for the same work, and thus subjected him to the expense of clearing the said lien from his land, and to the cost of defending any action they might bring thereon, and counterclaiming $500 damages therefor. To this new matter plaintiffs demurred on the ground of insufficiency in law. Although a mechanic may acquire a lien for his work, he is not confined to the enforcement of that security for the satisfaction of his debt. It is a cumulative remedy, and does not prevent an action at law upon his claim. This was held under previous lien acts. *Cremin* v. *Byrnes,* 4 E. D. Smith, 756; *Maxey* v. *Larkin,* 2 E. D. Smith, 540; *Pollock* v. *Ehle,* Id. 541; *Gridley* v. *Rowland,* 1 E. D. Smith, 670. The provision of the present act (1885, c. 342) permitting a personal judgment where the plaintiff fails to establish a lien, does not exclude the right to a personal action for the debt if the lienor chooses to resort to that remedy instead of the enforcement of the lien. The fact of the filing of the lien, therefore, does not constitute a defense to this action. Nor can the owner of the premises counterclaim in an action for the debt the expenses he has incurred for removing the lien and preparing for a possible action for its enforcement. The expense of preparing for "a possible action" can be no ground of action, and therefore no ground of counterclaim. As to the expense of removing the lien, it cannot be counterclaimed in this action, because it is not a cause of action arising out of the contract or transaction set forth in the complaint, nor connected with the subject of the action. The subject-matter of this action is the doing of the work, labor, and

services at the defendant's request; and the subject-matter of the defendant's counterclaim is the filing of the lien for such work. But the former is wholly independent of the latter. Nor is the claim for damages for the expense of removing the lien a cause of action arising upon contract. It would seem, therefore, that, the new matter in the answer not containing a good defense nor counterclaim, the demurrer was properly sustained by the special term of the city court. Upon appeal, however, the general term reversed the special term, and ordered judgment for the defendant overruling the demurrer. Had an interlocutory judgment only been entered upon this decision, an appeal therefrom would not lie in this court. The opportunity to have such interlocutory judgment reviewed by this court could only be presented upon appeal from the final judgment in the action. But the defendant has chosen to enter a final judgment, after taxation of costs, with a provision for execution therefore against the plaintiffs. This is clearly irregular. The proper judgment upon a demurrer to a part of an answer, where the issues of fact remain to be tried, is an interlocutory judgment. Final judgment in the action cannot be entered until the case is ready for final judgment upon all the issues. *Watson* v. *Bedloe,* 2 N. Y. Law Bul. 26; *Belknap* v. *McIntyre,* 2 Abb. Pr. 366. The costs awarded upon sustaining the demurrer to a part of an answer cannot be collected until final judgment is rendered upon the issues in the action generally. *Armstrong* v. *Cummings,* 22 Hun, 570. But in this case the defendant has entered final judgment in his favor for the costs of the demurrer, and from such final judgment the plaintiffs are entitled to appeal to this court. Code, § 3191, provides for an appeal from the general term of the city court to this court where a final judgment has been entered upon an appeal taken to the general term. The final judgment appealed from must therefore be reversed, and the defendant may enter an interlocutory judgment in place of it. We cannot entertain an appeal from the order of the general term, nor affirm the decision of the special term, upon the demurrer, for they can only be reviewed upon appeal from the final judgment in the action to be entered after all the issues are disposed of; but we have expressed an opinion upon the merits of the demurrer because both parties have argued them upon their briefs on this appeal. Final judgment of the general term reversed, and and the case remitted to the city court for the entry of an interlocutory judgment upon the decision of the general term. Appeal from the order of the general term dismissed. No costs of this appeal to either party. All concur.