(55 App. Div. 8.)

### HURLEY et al. v. BROWN.

(Supreme Court, Appellate Division, Second Department. November 30, 1900.)

COSTS—APPEAL—EQUITY.

> Plaintiff in equity secured judgment at special term, "without costs." The judgment was reversed by the appellate division, the decision reciting, "Judgment reversed, with costs, and complaint dismissed." *Held*, that defendant was not entitled to any costs at special term, but was entitled to costs on the appeal only.

Appeal from special term, Kings county.

Suit by John J. Hurley and another against Henry Brown. A judgment for plaintiff was reversed by the appellate division (66 N. Y. Supp. 295), and from an order of the special term refusing trial costs to defendant he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Horace Graves, for appellant.
Morris & Whitehouse, for respondents.

WILLARD BARTLETT, J. This was an equity suit, in which the plaintiffs prevailed upon the trial at special term, where judgment was rendered in their favor, "without costs." The defendant appealed, and this court reversed the judgment, adhering to the views expressed upon a previous appeal from an order denying a motion for a preliminary injunction. Hurley v. Brown, 54 App. Div. 619, 66 N. Y. Supp. 295; 44 App. Div. 480, 60 N. Y. Supp. 846. The decision of the appellate division announcing the reversal was in these words: "Judgment reversed, with costs, and complaint dismissed." In taxing the defendant's costs upon this decision, the county clerk allowed only the costs of the appeal, and his action in refusing also to tax the costs of the trial has been sustained by the court at special term. In thus construing our decision the clerk and the

court below have correctly interpreted its meaning, and have given to it the effect which we intended. We were of the opinion that there should be no costs at special term, whichever way the case ought to have been decided there, but that the prevailing party upon the review should receive the costs of the appeal. If we had intended to award him trial costs also, the decision would have read: "Judgment reversed, with costs, and complaint dismissed, with costs." If this had been an action at law, in which a defendant would be entitled to costs, as a matter of course, upon the rendition of judgment in his favor, our direction for the dismissal of the complaint would necessarily have carried with it an award of all the costs of the trial court; but in the decision of an equity suit on appeal, even where the appellate division deals finally with the whole subject of the litigation and disposes of the action on the merits, it may withhold the costs of the trial from the successful party, just as the special term can do if, in the exercise of a judicial discretion, such a course seems proper under the peculiar facts and circumstances of the case. In Von Keller v. Schulting, 45 How. Prac. 139, which was an equitable action for an accounting, the plaintiff recovered a judgment upon the trial before a referee, who expressly directed, however, that it should be without costs. The general term reversed the judgment and ordered a new trial. The plaintiff then appealed to the court of appeals, which affirmed the order of reversal made against him in the court below, and directed "judgment absolute in favor of the defendants, with costs." See reference to this case (which is rather meagerly reported in Howard) in Jermain v. Railroad Co., 31 Hun, 558, 562. The material difference between that case and the case at bar is that the appellate court there expressly directed that the absolute judgment which it ordered for the defendants should be with costs, while here we carefully withheld such a direction, although awarding costs on the reversal of the previous judgment the other way. In Schoonmaker v. Bonnie, 51 Hun, 34, 3 N. Y. Supp. 492, upon which the appellant also relies, there does not appear to have been any express direction for final judgment in the decision of the general term, although the effect of the reversal without ordering a new trial was held to be equivalent in effect to such a direction. In construing the order of reversal which awarded costs to the successful defendants, the court was of the opinion that under such circumstances all the costs taxable in the supreme court, whether at general term or trial term, were included. There was nothing in that case, however, as there was in the order of reversal in the present action, to indicate that the appellate court intended to distinguish between the costs on appeal and the costs of trial, and to allow the former but not the latter. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.