(86 App. Div. 386.)

### BURNETT v. BURNETT et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. COUNTERCLAIM—CLAIM ARISING OUT OF OR CONNECTED WITH PLAINTIFF'S ACTION.

In an action for the admeasurement of dower in real estate of which plaintiff alleged that her husband was seised during coverture, and which he conveyed to another by deed without her signature, a claim by defendant for damages against her as her husband's devisee does not arise out of nor is it connected with the subject of the action within Code Civ. Proc. § 501, defining a counterclaim.

2. JUDGMENT—INTERLOCUTORY—WHEN PROPER.

Under Code Civ. Proc. § 1221, providing for a final judgment on the whole issue only after all the issues have been tried, the proper judgment on sustaining a demurrer to a counterclaim set up in an answer containing other issues is interlocutory merely, and such a judgment, so far as it permits the collection of the costs before a trial of the whole issue, is irregular.

Appeal from Trial Term, Westchester County.

Action by Sarah J. Burnett against Margaret E. Burnett and others. From a judgment sustaining a demurrer to defendants' counterclaim, and awarding costs and decreeing execution therefor, defendants appeal. Modified.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Alvan R. Johnson, for appellants.
Michael J. Tierney, for respondent.

HIRSCHBERG, J. The action is for the admeasurement of dower in certain real estate of which the plaintiff alleges her husband was seised during coverture, and which he conveyed to William Burnett by a deed of conveyance without her signature. She alleges in the complaint that her husband has since died, that she has not assigned, released, or conveyed her dower in the real estate, and that William Burnett has since died intestate, seised and possessed of such real state, leaving the defendants as his heirs at law, and their husbands in pos-

session of the property as tenants in common, subject to her dower right.

The answer of the defendants denies any knowledge or information sufficient to form a belief that the plaintiff's husband was seised and possessed of the premises during coverture with the plaintiff, and denies that the plaintiff is entitled to recover any sum of money as dower or otherwise. As a further and separate answer and defense, and as set-off against the plaintiff's claim, the answer further alleges that the plaintiff's husband by will gave, devised, and bequeathed to her all his property, both real and personal; that he was solvent and responsible; that the property so devised and bequeathed is greater in value and amount than the plaintiff's claim in this action; that the plaintiff as beneficiary under such will is indebted to the defendants in the amount (if any) which would be recoverable in this action; and that the benefits received by her under the will should be set off against the plaintiff's claim.

The plaintiff demurred to the second defense upon the ground that it was insufficient in law, and upon the trial of the issue of law thus raised has obtained a judgment sustaining the demurrer, awarding her taxed costs and disbursements, and decreeing that she have execution therefor.

The defense does not present a counterclaim within the terms of the definition contained in section 501 of the Code of Civil Procedure, and the demurrer was properly sustained. The sole contention of the appellants upon this point is that the aim of equity is to prevent circuity of action and to set litigation at rest. This aim is accomplished, however, only in obedience to and not in defiance of the statutory rules and forms of practice. The plaintiff's claim arises out of the seisin of her husband of the real estate during coverture, and the defendants' claim for damages against her as her husband's devisee does not arise out of, nor is it connected in a legal sense with, the subject of her action.

The judgment, however, is irregular in that it purports to be final and not interlocutory, and in that it permits the collection of the costs before a trial of the whole issue. Section 1221 of the Code of Civil Procedure provides for final judgment on the whole issue only after all the issues have been tried, where one or more issues of law and one or more issues of fact arise in the same action. In Biershenk v. Stokes (Com. Pl.) 18 N. Y. Supp. 854, it was held that the proper judgment upon a demurrer to a counterclaim set up in an answer containing other issues should be interlocutory, and that a final judgment cannot be entered until the case is ready for final judgment upon all the issues. And in Armstrong v. Cummings, 22 Hun, 570, it was held that the costs granted upon sustaining a demurrer to part of an answer could neither be recovered nor assigned until judgment should be rendered on the issues generally.

The judgment should be modified in the particulars indicated, and, as modified, affirmed, without costs of this appeal. All concur.