(86 App. Div. 515.)

DOYLE v. FRITZ.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. SLANDER—ANSWER—JUSTIFICATION AND MITIGATION PLEADED IN ONE COUNT
—DEMURRER.

Code Civ. Proc. §§ 535, 536, authorize defendant in a slander suit to plead facts tending to mitigate or otherwise reduce plaintiff's damages, though not amounting to a total defense, and may prove the facts notwithstanding he may have pleaded justification. Defendant, in addition to a general denial, pleaded a separate defense in a single count, both by way of justification and in mitigation. *Held*, that a judgment sustaining a demurrer to the separate defense was erroneous, where the defense, though insufficient as a justification, was sufficient in mitigation, the demurrer, under Code Civ. Proc. §§ 494, 508, only raising the sufficiency of the defense.

Appeal from Trial Term, Kings County.

Action by John Doyle against Paul Fritz. From a judgment sustaining a demurrer to one of the defenses set up in the answer, and awarding plaintiff costs and execution, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Paul Fritz, in pro. per.
Charles J. Belfer, for respondent.

HIRSCHBERG, J. The plaintiff sues to recover damages for slander, consisting in the alleged utterance by the defendant concerning him, in the presence and hearing of others, of the false and defamatory words: "You are a damned thief; you stole three dollars from me; I want you to return my three dollars." The answer, in addition to a general denial, contains, as a separate and distinct defense, certain new matter which is pleaded in a single count, both by way of justification and in mitigation. The plaintiff demurred to the defense consisting of new matter, on the ground that it was insufficient in law, and upon the trial of the issue of law thus joined has obtained a final judgment sustaining the demurrer, and awarding to him a taxed bill of costs, with execution therefor.

It is unnecessary to recite the facts pleaded as new matter. The appellant does not claim in the briefs submitted on this appeal that it is sufficient in law by way of justification, and the learned counsel for the respondent does not claim that it is insufficient in law by way of mitigation. The contention on behalf of the respondent is that the demurrer was only to the defense as set up by way of justification, that the effect of the judgment is only to sustain the demurrer to that extent, and that the appellant is still at liberty upon the trial to prove the facts pleaded in mitigation of damages.

The respondent's contention is untenable. The demurrer was in terms to the entire defense, and the judgment adjudicates the new matter as insufficient in law either for justification or in mitigation. By sections 535 and 536 of the Code of Civil Procedure, the defendant in a slander suit may plead facts tending to mitigate or otherwise reduce the plaintiff's damages, although not amounting to a total de-

fense, and may prove such facts notwithstanding he may have pleaded a justification. The words "personal injury" in section 536 are defined in section 3343, subd. 9, of the Code of Civil Procedure, to include slander. Assuming, therefore, as seems to be conceded, but without determining that question, that the facts set up are competent in mitigation, the judgment is erroneous in that it takes from the defendant the benefit of the partial defense to which he is entitled. While the sufficiency of the partial defense is raised by the demurrer (section 508, Code Civ. Proc.), only the question of sufficiency is thus presented (section 494, Code Civ. Proc.); and, if the plaintiff desires that the new matter should be pleaded separately by way of justification and by way of mitigation, he must adopt some appropriate remedy to accomplish that result.

The judgment is also irregular in that it is final instead of interlocutory, and in that the costs are made collectible before the trial of the whole issue and the entry of the final judgment thereon. See Burnett v. Burnett (decided herewith) 83 N. Y. Supp. 760, and cases therein cited.

Under the circumstances, we deem it proper that the judgment should be reversed and a new trial of the issue granted, with costs to abide the event. All concur.