## CASSAVOY v. PATTISON.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. SLANDER—ACTIONABLE WORDS.

Where a complaint alleged slanderous publication charging plaintiff with being dishonest in business transactions, it does not set up a cause of action in the absence of allegation that the words were spoken of the plaintiff in reference to any occupation or business or that he had any occupation or was engaged in any business.

2. SAME.

Alleged slanderous publications charging that plaintiff had an adopted daughter, whom he was accustomed to go off and live with for periods of a week at a time, leaving his wife at home alone, and, on the same occasion, that the person to whom the publication was made would be sorry she ever met the plaintiff, are not actionable per se, nor ground for an action, in the absence of allegations that they were uttered in reference to plaintiff's calling, or that they affected him in his business character.

Appeal from Trial Term, Westchester County.

Action by Anson Cassavoy against William L. Pattison. From an interlocutory judgment overruling demurrers to certain paragraphs of the complaint, defendant appeals. Reversed.

The causes of action attacked by the demurrer are as follows:

"(5) That on or about the 18th day of November, 1901, and on many other occasions during the year 1901, at the village of Peekskill, in said county, the defendant, in the presence and hearing of one Hanford Smith, did wickedly and maliciously speak of and concerning this plaintiff the false and defamatory words following; that is to say: 'Be careful how you deal with that man Cassavoy. He is dishonest, and he will do you if he can'—thereby charging and intending to charge this plaintiff with being dishonest in business transactions, and with having the intent of defrauding the persons with whom plaintiff should do business. That the said words were wholly false and untrue. That by means of the premises aforesaid the plaintiff has sustained great damage, and by means thereof divers other persons, who, before the time of the committing of the said grievances had been used and accustomed to deal with the plaintiff in the way of his aforesaid business, to the great profit and advantage of said plaintiff, have from thence hitherto wholly neglected and refused, and do still neglect and refuse, to continue such customer, or to deal with the plaintiff, who has, by means of the premises been greatly injured in his reputation and credit as a business man and otherwise, and been otherwise greatly injured and damnified to his damage in the sum of one thousand dollars.

"(6) That at divers times between the 1st day of January, 1901, and the 1st day of January, 1902, at Peekskill, N. Y., and at the home of one Mrs. M. H. Michaels, No. 440 West Twenty-Second street, in the city of New York, the defendant, in the presence and hearing of the said Mrs. M. H. Michaels and of divers other persons, did wickedly and maliciously speak of and concerning this plaintiff the following false and defamatory words following, to wit; that is to say: 'That he (meaning this plaintiff) had an adopted daughter, now the wife of one Edward Palmer, and that he (meaning the plaintiff) was accustomed to go off and live with the said adopted daughter for periods of a week at a time, leaving his wife at home alone;' and that upon the said occasion the said defendant did further speak of and concerning this plaintiff in the following false and defamatory manner, thus: 'That she (meaning the said Mrs. Michaels) would be sorry that she had ever met this plaintiff in the South'—thereby charging and intending to charge, and being understood by the persons hearing the said words as charging, this plaintiff with being an unfit person for her to associate with or to continue upon her list of ac-

¶ 1. See Libel and Slander, vol. 32, Cent. Dig. §§ 80, 195.

quaintances. That said words were wholly false and untrue. That by reason of the premises aforesaid the plaintiff has been greatly injured in his good name, fame, and credit in the sum of one thousand dollars."

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Franklin Couch, for appellant.

Nathan P. Bushnell (Robert McCord, on the brief), for respondent.

WILLARD BARTLETT, J. This is an action for slander. The oral accusation of dishonesty set out in the fifth cause of action is not slanderous per se, and no action will lie for the utterance of such a charge by word of mouth unless it relates to the plaintiff in a special character, or occasions special damage. See definition of "slanderous words," per Andrews, J., in Moore v. Francis, 121 N. Y. 199, 203, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810. There is no allegation that the words in question were spoken of the plaintiff in reference to any occupation or business, nor is there any averment that he had any occupation or was engaged in any business. These omissions are fatal to the statement of the cause of action. "It is not enough that the words may tend to injure him in his office or calling, unless they are spoken of him in his official or business character;" and this must be supported in the complaint. Van Tassel v. Capron, 1 Denio, 250, 252, 43 Am. Dec. 667. "Any charge of dishonesty against an individual in connection with his business, whereby his character in such business may be injuriously affected, is actionable. If spoken of him individually, and not in connection with his office or business, these words will not be actionable." Fowles v. Bowen, 30 N. Y. 20, 24. So, also, it is necessary that the complaint, where the cause of action is of this character, shall show that the plaintiff at the time of the alleged slander was engaged in the office or business which he claims was injuriously affected by the utterance of the defamatory words. "Where an action is brought for words (not actionable in themselves) spoken of a person in a particular calling, or profession, or employment, it must appear that he followed such profession or employment when the words were spoken." Forward v. Adams, 7 Wend. 204, 208.

As to the sixth cause of action, it seems to me clear that the defamatory words therein alleged to have been spoken by the defendant concerning the plaintiff cannot, in any view, be regarded as actionable per se; and there is no averment that they were uttered in reference to the plaintiff's calling, or that they affected him in his business character.

I think the demurrer should have been sustained as to both causes of action.

Interlocutory judgment reversed, and demurrer sustained, with costs. All concur.