(45 Misc. 361)

## JANSEN v. FISCHER.

(Supreme Court, Appellate Term. November 10, 1904.)

1. SLANDER—PLEADING—DEMURRER—SCOPE.

Where an answer to a complaint for slander contained first a general denial, then, "for a first, separate, and distinct defense to the complaint herein," matter solely by way of justification and finally alleged in a distinct paragraph a reiteration of the matter stated under the separate defense of justification "as a partial defense in mitigation," plaintiff had the right to test on demurrer the sufficiency of the plea of justification as a complete defense, apart from the partial defense in mitigation.

Appeal from City Court of New York, Special Term.

Action by Joseph Jansen against Louis Fischer. From a judgment overruling a demurrer to a separate defense set forth in the amended answer, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

J. Henry Harris, for appellant.
Paskus & Cohen, for respondent.

PER CURIAM. The action is for slander. The amended answer sets up, first, a general denial; second, justification, as a complete defense; third, mitigation, as a partial defense. Plaintiff demurred to the separate defense set forth by way of justification. The demurrer was overruled by the court below upon the theory that the matters alleged in justification and mitigation, taken together, constituted but one defense, and that as the said matters were sufficient, in law, in mitigation of damages, the demurrer was untenable. This would have been correct, under the decision of Doyle v. Fritz, 86 App. Div. 515, 83 N. Y. Supp. 762, if the new matter had been pleaded in a single count, both by way of justification and in mitigation. But such is not the case here. The statement in the case at bar, following the general denial, is as follows: "And for a first, separate, and distinct defense to the complaint herein, and by way of justification thereto." Then follows the new matter, in which nothing is said about mitigation of damages. Finally, in a separate paragraph, viz., paragraph 5, the following is set forth:

"That, in mitigation of any damages to which plaintiff might otherwise appear to be entitled by reason of the alleged slanderous words set forth in the complaint, this defendant repeats and renews, all and singular, the matter

stated under the separate defense hereinbefore set forth, and will give evidence thereof as a partial defense in mitigation, as well as in justification, upon the trial of this action."

It thus appears that, however faulty the pleading of the defendant may be in substance, it followed the Code in alleging separately, first, justification, as a complete defense, and then mitigation, as a partial defense. That being so, the plaintiff had a right to test on demurrer the sufficiency of the plea of justification as a complete defense, apart from the partial defense in mitigation. Upon the application of the proper test for that purpose, namely, whether the justification pleaded is as broad as the charge, there being no question of privilege, its utter insufficiency in law is at once so apparent that no discussion of it here is necessary.

The judgment should be reversed, with costs, and judgment ordered for plaintiff upon the demurrer, with costs, with leave to defendant to amend upon payment of said costs.

