(101 App. Div. 128)

## CASSAVOY v. PATTISON.

(Supreme Court, Appellate ·Division, Second Department.  January 27, 1905.)

1. COSTS—ON DEMURRER—APPEAL—MANDATE.

Where an order reversing an interlocutory judgment overruling a demurrer recited that the judgment was reversed and "demurrer sustained, with costs," instead of providing that the judgment should be reversed, "with costs," and the demurrer sustained, "with costs," as the court intended, an objection to the allowance of costs of the Special Term to defendant, as distinguished from the costs of the appeal, was unsustainable.

2. JUDGMENT FOR COSTS—COLLECTION.

Code Civ. Proc. § 3232, provides that where an issue of law and an issue of fact are joined between the same parties to the same action, and the issue of fact remains undisposed of when an interlocutory judgment is rendered on the issue of law, such judgment, in the discretion of the court, may award costs to the prevailing party either absolutely or to abide the event of the trial of the issue of fact; and section 3233 declares that section 779, providing for the immediate collection of costs, on motion, etc., applies to interlocutory costs awarded under section 3232. Held, that under section 1221, providing for the entry of a final judgment 'on the whole issue only after all the issues have been tried, an interlocutory judgment awarding costs on the trial of an issue of law was not collectible pending the determination of an issue of fact joined between the same parties in the same action.

Appeal from Special Term, Westchester County.

Action by Anson Cassavoy against William L. Pattison. From so much of an order as denied plaintiff's motion to retax costs and to amend a judgment for costs, he appeals.  Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Nathan P. Bushnell, for appellant.

Franklin Couch, for respondent.

HIRSCHBERG, P. J.  The suit is for slander, and the complaint alleges. seven separate causes of action.  To two of them the defendant demurred, answering as to the remaining five.  The demurrer was overruled at the Special Term, but upon appeal from the interlocutory judgment we reversed the judgment and sustained the demurrer.  See Cassavoy v. Pattison, 93 App. Div. 370, 87 N. Y. Supp. 658.  The

order entered upon our decision followed the direction then handed down, and provided that "the interlocutory judgment so appealed from be, and the same is hereby, reversed, and demurrer sustained, with costs." Upon the reversal the clerk taxed both the costs of the trial of the issue of law and the costs of the appeal, and entered a final judgment directing that the defendant have execution for the costs thus taxed. Thereupon the plaintiff applied at Special Term for a retaxation of the costs in order to strike out so much of the bill as re-lated to the trial of the issue of law, and for an amendment of the judgment in so far as it directed that execution issue. The learned justice at Special Term struck out an item of $10 allowed for costs before notice of trial, but refused to interfere further with the costs as taxed, and denied the motion to amend the judgment.

So far as the costs are concerned, it is enough to say that we in-tended to award to the prevailing party upon the appeal the costs of the appeal and also upon the sustaining of the demurrer. In that re-spect our intention has been carried out by the order appealed from. Our decision should have read, "Interlocutory judgment reversed, with costs, and demurrer sustained, with costs." See Hurley v. Brown, 55 App. Div. 8, 67 N. Y. Supp. 279. In the form in which our intended decision was inaccurately phrased, a question might well have been raised as to the costs of the reversal, but hardly as to the costs of the Special Term. The appellant, however, raises no question as to those costs (the costs of the reversal) which were not explicitly em-braced in the precise terms of the decision, but only as to those which were expressly embodied in the language used (the costs of the Special Term); and as the result accords with our intention, and this part of the appeal is not based on the technical oversight, the order in this respect should be affirmed.

The entry of a final judgment, however, directing the issue of an execution, was improper. We so held in Burnett v. Burnett, 86 App. Div. 386, 83 N. Y. Supp. 760, and in Doyle v. Fritz, 86 App. Div. 515, 83 N. Y. Supp. 762, deciding that, where other issues remain to be tried, the costs on the determination of a demurrer, although they may be absolute, and not dependent upon the final event, are not col-lectible until judgment is rendered on the other issues. While the language of sections 3232 and 3233 of the Code of Civil Procedure is susceptible of a different interpretation, the history of the legislation and the litigation relating to the question support our conclusion. Were it otherwise, we would still deem it proper, upon a mere question of practice, which involves no principle and impairs no important sub-stantial right, to follow the uniform authority of nearly a quarter of a century, since the sections of the Code referred to went into effect on September 1, 1880. At common law the only party entitled to the costs of the trial of an issue of law was the one who prevailed on the whole issue. Wright v. Williams, 1 Wend. 278; Wright v. Williams, 2 Wend. 632; Osborne v. Lawrence, 9 Wend. 135. By the Revised Statutes (2 Rev. St. p. 517, pt. 3, c. 10, tit. 1, §§ 26–28) provision was made for costs where several issues were joined in a cause, and were found in favor of the different litigants; the last section cited pro-viding that, "when judgment shall be rendered in favor of a defend-

ant upon general demurrer to one or more counts in a declaration, and the plaintiff shall have judgment on other counts, on demurrer, on verdict or by default, the defendant shall be allowed his costs upon such judgments in his favor." It is obvious that the allowance referred to was upon a determination of the entire issues, as the differing results suggested by the statutory provision could not be sooner ascertained. Under the Code of Procedure it seems to have remained unsettled whether the one who succeeded on a demurrer to one of two or more defenses was entitled to the costs of the issue of law at all unless he finally succeeded on the whole record. Mora v. The Sun Mutual Ins. Co., 13 Abb. Prac. 304, 308; Palmer v. Smedley, 13 Abb. Prac. 185. It was held with practical unanimity that, where an issue of law and an issue of fact were both joined in a case, no judgment for costs could be entered in favor of the party who prevailed upon the issue of law until the issue of fact was disposed of. Masters v. Barnard, 6 How. Prac. 113; Belknap v. McIntyre, 2 Abb. Prac. 366; Palmer v. Smedley, supra; Sutherland v. Tyler, 11 How. Prac. 251; Wightman v. Shankland, 18 How. Prac. 79. When the Code of Civil Procedure was adopted, the question was unsettled, as Mr. Throop states in his note to section 3232, whether section 28 of the Revised Statutes, hereinbefore quoted, had been repealed by implication (i.e., by the adoption of the Code of Procedure), and as a result the practice varied in reference to the rights and remedies of a party succeeding upon a demurrer and entitled to costs thereupon. The learned codifier cites in the note as instances of the varying practice the cases supra of Wightman v. Shankland and Belknap v. McIntyre. An examination of those cases shows the point of divergence. In Belknap v. McIntyre it was held that, where an answer sets up more than one defense, and one of them was held bad on demurrer, the only judgment which the plaintiff could have must be one conditioned upon his final success on the other issues joined. In Wightman v. Shankland it was held that, where the answer of the defendant is sufficient to bar the action, and a demurrer to the answer is overruled, the defendant is entitled to final judgment dismissing the complaint, notwithstanding there may be issues of fact joined in the cause. It is to be noted that there is no suggestion in Mr. Throop's note, or in the cases referred to therein, suggesting in any way a doubt of the propriety of the many adjudications that the costs of the demurrer, however absolute, were not properly collectible until all the issues had been finally determined.

In order to settle the question whether costs of a demurrer, where other issues were still to be determined, should be absolute, or should depend upon ultimate success, section 3232 of the Code of Civil Procedure appears to have been framed; re-enacting section 28 of the Revised Statutes, supra, as Mr. Throop says in the note referred to, "with some amendments"; and it provides that:

"Where an issue of law and an issue of fact are joined, between the same parties to the same action, and the issue of fact remains undisposed of, when an interlocutory judgment is rendered upon the issue of law; the interlocutory judgment may, in the discretion of the court, deny costs to either party, or award costs to the prevailing party, either absolutely, or to abide the event of the trial of the issue of fact."

In this section no suggestion is to be found that the costs, if absolute, should be presently collectible. Section 3233, however, provided that section 779 of the Code of Civil Procedure should apply to the costs awarded in the preceding section as if they were costs of a motion, and, inasmuch as motion costs are collectible before final judgment, it is claimed on the respondent's behalf that the intention was to make the interlocutory costs likewise so collectible. The caption of section 3233, referring to the costs in question, is "How collected," not "When collected"; and section 779 provides for a set-off when motion costs previously awarded have not been collected at the time of final judgment, or have been made to abide the event, and final costs are awarded to the adverse party. In this respect the application of section 779 to the subsequent sections is obvious. Nevertheless, as has been said, the language of sections 3232 and 3233 is broad enough to justify the interpretation that the legislative design was to make the interlocutory costs, if absolute, immediately collectible by execution, in spite of the previously unbroken line of adjudication to the contrary, and we might feel at liberty so to hold were it not for the fact that the subsequent authoritative adjudications have been in harmony with the preceding ones in recognition of the absence of any evident or declared legislative intention to make trial costs collectible before final judgment. Thus, in Robinson v. Hall, 35 Hun, 214, it was held by the General Term in the Fifth Department in 1885, five years after the Code provisions under consideration went into effect, that a final judgment could not be entered until all the issues were disposed of, and that the entry of judgment with costs on sustaining a demurrer to one of five causes of action, was irregular. In Oesterreiches v. Jones, 45 Hun, 246, it was held two years later by the former General Term in this department that the entry of a final judgment with costs where a demurrer to a counterclaim had been sustained was irregular where the answer took general issue upon the facts; the court saying (page 248) that the costs "could not be enforced until the final judgment was rendered." Two years later the General Term of the Third Department, in Fales v. Globe Knitting Co., 51 Hun, 487, 4 N. Y. Supp. 284, went still further, and held that, where the demurrer of one defendant was overruled, the interlocutory judgment should not provide for the payment of costs where there remain other issues to be disposed of which are raised by the answers of other defendants. These decisions are in harmony with the provisions of section 1221 of the Code of Civil Procedure, to the effect that in an action in which one or more issues of law and one or more issues of fact arise final judgment can only be taken when all the issues have been tried. They decide, as we did in the two cases first cited in this opinion on the question now under consideration, that costs on the determination of the demurrer may be granted absolutely, but may not be collected until the trial of other issues not yet disposed of.

It follows that the order appealed from should be modified by granting the plaintiff's motion to the extent of striking out the provision that the defendant have execution for his costs, and by inserting in lieu thereof a provision that such costs are to be included in the final judgment if rendered in favor of the defendant, and to be set off if

uncollected, and final judgment is rendered in favor of the plaintiff; and, as modified, the order should be affirmed, without costs. All concur.