Division, First Department. June 15, 1906.) In the matter of Forty-Second and Forty-Third streets. No opinion. Motions denied. Orders filed.

---

FOSTER v. KEMP et al. (Supreme Court, Appellate Division, First Department. June 8, 1906.) Action by Thomas K. Foster against George W. Kemp and others. No opinion. Motion granted, with $10 costs and disbursements. Order filed.

---

FOWLER, Appellant, v. DURHAM, Respondent. (Supreme Court, Appellate Division, Second Department. June 8, 1906.) Action by Louise R. Fowler, as executrix, etc., of George R. Fowler, deceased, against Northrup Durham. No opinion. Judgment unanimously affirmed, with costs.

---

FOWLER, Appellant, v. DURHAM, Respondent. (Supreme Court, Appellate Division, Second Department. June 27, 1906.) Action by Louise R. Fowler, executrix of George R. Fowler, against Northrup Durham. No opinion. Motion for reargument denied.

---

FOX et al., Respondents, v. FITZPATRICK et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May 23, 1906.) Action by George A. Fox and others against Frank Fitzpatrick and others.

PER CURIAM. Judgment affirmed, with costs.

WILLIAMS, J.; not voting.

---

FRANKEL v. BACH. (Supreme Court, Appellate Division, First Department. October 12, 1906.) Action by Anna Frankel against Myer Bach. No opinion. Motion granted, with $10 costs. Order filed.

---

FREER, Respondent, v. CRANE–GILES CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 8, 1906.) Action by McClelland Freer against the Crane-Giles Company. No opinion. Judgment and order affirmed, with costs.

---

FREY, Appellant, v. BARNABY, et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 8, 1906.) Action by · Henry E. Frey, as administrator, etc., of Frederick Frey, deceased, against Frank A. Barnaby and William H. Van Schaick, etc. No opinion. Order affirmed, with $10 costs and disbursements, on the authority of Cassavoy v. Pattison, 101 App. Div. 128, 91 N. Y. Supp. 876.

---

FREY, Appellant, v. FOUGERA et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 8, 1906.) Action by Rose Frey against Francine Fougera and Rénée G. Fougera, as administratrixes of Cecil Leonide Fougera, deceased. No opinion. Judgment affirmed, with costs.

---

FREY, Appellant, v. FOUGERA et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 27, 1906.) Action by Rose Frey against Francine Fougera and another, administratrixes. No opinion. Motion to resettle order denied.

---

FRIEDMAN, Appellant, v. COLUMBIA MACH. WORKS & MALLEABLE IRON CO., Respondent. (Supreme Court, Appellate Division, Second Department. September 28, 1906.) Action by Morris Friedman against the Columbia Machine Works & Malleable Iron Company. No opinion. Order affirmed on argument, with $10 costs and disbursments.

---

FRIEDMAN, Appellant, v. COLUMBIA MACH. WORKS & MALLEABLE IRON CO., Respondent. (Supreme Court, Appellate Division Second Department. October 12, 1906.) Action by Morris Friedman against the Columbia Machine Works & Malleable Iron Company. No opinion. Motion denied.

(114 App. Div. 916)

FREEL v. CHROME STEEL WORKS et al. (Supreme Court, Appellate Division, Second Department. July 24, 1906.) Action by Philip Freel against the Chrome Steel Works and another. From a judgment for defendant steel works, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ. Charles J. Ryan, for appellant. Edward P. Mowton, for respondent.

PER CURIAM. Affirmed, with costs.

GAYNOR, J. (dissenting). It seems plain to me that the facts of this case are not understood. The manufacturing plant of the defendant borders along the Wallabout Canal in Brooklyn. It has sheds along the canal for coal, iron, steel, etc. On the day of the accident barges alongside with coal for the defendant were being unloaded. By means of a large derrick of the defendant, the mast of which was permanently set in the ground on the defendant's premises, and was forty feet high and one foot thick, the coal was hoisted from the boat in a large tub or bucket up into cars on overhead tracks on the defendant's premises. The derrick was permanently set there to be used in hoisting from boats. The tracks and cars overhead were also permanent fixtures, and used in connection with the derrick.

The plaintiff's employer had the job of unloading the coal for the defendant as an independent contractor. The plaintiff was up on the overhead track receiving the tubs of coal as they were swung in on block and fall by the beam of the derrick, emptying them into the car, and then pushing the car along the track to the dumping place and back. The iron strap or band which fastened the boom to the mast broke, the boom fell into the boat, and the fall rope caught the plaintiff under the chin and threw him.

The strap or band being examined after the accident, it was found that there was an old rusty break or crack all but through it, and that the accident happened by such break becoming complete and the band severing. The band was one-half an inch thick, and the old break lacked only the thickness of your finger nail of going through it.