JAMES F. THOMPSON, Appellant, *against* JAMES KEARNEY, Respondent.

(Decided December 5th, 1887.)

McQ., the owner of a promissory note made by E., and indorsed by A., placed it in T.'s hands for collection, and T. brought suit thereon in plaintiff's name, though plaintiff had no interest in the note, and recovered judgment. McQ. received payment of the judgment from A., the indorser, plaintiff consenting thereto. Subsequently T. and K., who

Thompson *v.* Kearney.

were partners, having no knowledge of such payment, collected the
amount of the judgment from E., the maker of the note. *Held*, that
plaintiff had no right of action against K. for the moneys so collected;
the judgment having been collected and the moneys disposed of with
plaintiff's consent, he had no further interest in such judgment or the
subsequent illegal proceedings to enforce the same.

APPEAL from a judgment of the General Term of the
City Court of New York affirming a judgment of that
court overruling a demurrer to an answer.

The action was brought to recover certain moneys,
alleged to have been collected for plaintiff by defendant
acting as his attorney, and appropriated by defendant.

The facts are stated in the opinion.

*Alex. Thain*, for appellant.

*Roscoe H. Channing*, for respondent.

VAN HOESEN, J. — The answer is very unskilfully drawn,
and is obnoxious to the criticisms that the plaintiff has
made upon it. The pleader seems to have thought it good
pleading to preface every substantial allegation of the
answer with the words "for a further answer and as a
distinct defense." If we should take him at his word, and
treat as a separate and distinct defense every one of these
allegations, we should have a number of very bad defenses,
and an utterly worthless answer. It is only by massing
these allegations, and considering them as one defense,
that the answer can be sustained.

The case of *Hillman* v. *Hillman* (14 How. Pr. 456) is
authority for the course that we think it best to pursue. In
that case the court said : " The fact is, the complaint con-
tains but a single cause of action. The allegations are all
intended to establish a single point. But for the fact that
in drawing the complaint the pleader has commenced one
of his paragraphs by stating that what he is about to allege
is 'for a further and distinct cause of action,' no one would

have thought that the complaint stated more than a single cause of action." The court accordingly treated the complaint as though it contained only a single cause of action.

We shall treat the answer with the same liberality, and regard it as a single defense. Taken as a whole, it is a good answer to the plaintiff's claim. The demurrer is to the whole answer, though the specifications are aimed at the particular paragraphs that the defendant has called "separate and distinct defenses." The answer avers that one McQuade was the owner of a promissory note, of which one Edwards was the maker, and one Allen the indorser; that the note was placed by McQuade in the hands of Mr. Thain for collection; that an action was brought by Mr. Thain, in the name of Thompson, who is the plaintiff in this action, though, in point of fact, Thompson had no interest in the note; that judgment was recovered, and that then McQuade, the real owner of the judgment, received the amount of it from Allen, the indorser; that Thompson knew of, and consented to, the payment of the judgment to McQuade; that subsequently Thain and the defendant Kearney, who were partners, not knowing that the judgment had been paid, collected the amount of it from Edwards, the maker of the note, and disposed of the money by purchasing another judgment that had been recovered against Edwards by one John D. Reifer. This statement may make the defendant Kearney liable to Edwards, but it does not create any cause of action in favor of Thompson. He is certainly not entitled to the money, whoever else may be. Kearney having brought the action in his (Thompson's) name, could not, except under circumstances that need not be considered here, dispute the right of Thompson to collect the judgment, and receive its avails. But after the judgment had been collected, and the money disposed of with Thompson's consent, Thompson had no further interest in the judgment, or in the improper proceedings that might subsequently be taken to collect it a second time. Whether Thompson was or was not privy to the illegal proceedings that resulted in the payment of the judgment twice over,

is immaterial.   He has no right to this money, even though Kearney has no right to it.

The judgment must therefore be affirmed, with costs.

LARREMORE, Ch. J., and J. F. DALY, J., concurred.

Judgment affirmed, with costs.