BRASSINGTON v. ROHRS et al. [1]

(Common Pleas of New York City and County, General Term. April 3, 1893.)

1. PRACTICE—DEMURRER TO ANSWER AFTER NOTICE OF TRIAL.

Though both parties have noticed a case for trial, plaintiff, within the time allowed by law, may demur to the answer. 20 N. Y. Supp. 659, affirmed.

2. SAME—MOTION TO STRIKE ANSWER AFTER NOTICE OF TRIAL.

The right to move to strike out part of an answer as sham is unaffected by notices of trial by both parties, given before the expiration of the time within which such motion may be made.

3. SAME—SEPARATE DEFENSE—WHAT CONSTITUTES.

In an action on a note one defendant, in his answer, denied that plaintiff was the holder of the note, and averred that the payee, the other defendant, was still the owner; and "for a further defense" he alleged that the note was given to the payee for accommodation only, and he never received any consideration therefor. Held, that the answer contained two separate defenses, though they were not numbered, and a demurrer to the second defense might properly be sustained.

4. SHAM ANSWER—WHAT CONSTITUTES.

In such action the payee, one of the defendants, deposed that for value received and before its maturity he indorsed and transferred the note in suit to plaintiff; that it was not made for accommodation, but given to him by the maker in payment of an indebtedness for labor; that he was indebted to plaintiff for material supplied him in doing such work, and also received some cash at the time of indorsing the note. No reply to the affidavit was made by the other defendant. Held, that the answer of the maker denying that plaintiff was the owner, and averring that the payee was still the owner, was properly stricken out as sham.

5. COSTS—INTERLOCUTORY JUDGMENT.

Under Code Civil Proc. §§ 3232, 3233, costs may be taxed and included in an interlocutory judgment sustaining a demurrer, and execution be awarded for their collection thereby.

Appeal from city court, general term.

Action by John D. Brassington against Frederick Rohrs (impleaded with Charles Nylin) on a promissory note executed by Rohrs to Nylin, and by the latter transferred to plaintiff. From

[1] For opinion on taxation of costs, see 22 N. Y. Supp. 1053.

a judgment of the general term, (20 N. Y. Supp. 659, 990,) affirming a judgment sustaining a demurrer to part of the answer, denying a motion to vacate said judgment, and affirming an order striking out defendant's answer as sham, the latter appeals.   Affirmed.

The action was commenced in the city court on July 19, 1892, to recover upon a promissory note for $300, dated February 27, 1892, at three months, made by the defendant Rohrs to the order of the defendant Nylin, and indorsed and delivered by the latter to the plaintiff. Defendant Rohrs answered separately as follows:   "Defendant denies upon information and belief that the plaintiff is the holder of said note for value, but avers that defendant Nylin is still the owner thereof.   For a further defense this defendant alleges that said note was given to said Nylin for accommodation only, and defendant never received any consideration for the same."   The answer was served on August 3, 1892, and the plaintiff immediately noticed the issue of fact for trial for the first Monday of October following.   The defendant thereupon served cross notice of trial for the same term.   On August 15, 1892, the plaintiff served a demurrer as follows:   "The plaintiff herein demurs to the second defense contained in the answer of the defendant Frederick Rohrs, to wit, 'For a further defense this defendant alleges that said note was given to said Nylin for accommodation only, and defendant never received any consideration for the same,' on the ground that it is insufficient in law upon the face thereof."   The demurrer was brought on for argument, and sustained, notwithstanding defendant's preliminary objection that the cause had been so noticed for trial as above.   After the plaintiff obtained judgment upon his demurrer to the defendant's second defense, he moved to strike out the rest of the answer as sham.   The defendant again interposed as an objection the original notice of trial, but this objection was overruled, and the order granted. The defendant subsequently moved to set aside the judgment on the demurrer as irregular.   This was denied.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Henry Wehle, for appellant.
Charles J. Hardy, for respondent.

DALY, C. J.   The defendant's principal grievance seems to be that, after both parties had noticed the cause for trial upon the answer served, the plaintiff disregarded such notice on his own part, as well as his adversary's, and proceeded to demur to one portion of the answer, and, after obtaining judgment in his favor as to that, moved to strike out the rest of the answer as sham, and so disposed of the whole defense before the term for which the case was originally noticed.   It seems to be clear under the authorities that the plaintiff might disregard his own notice of trial and his adversary's, and demur to the latter's answer if such demurrer were served in time.   It has been held that a plaintiff might serve an amended complaint within the time allowed for amendment, of course, notwithstanding that he and his adversary had exchanged notices of trial upon a demurrer to the original complaint, (Clifton v. Brown, 2 Civil Proc. R. 44,) and that a defendant might serve an amended answer within the time allowed by law, notwithstanding both parties had noticed for trial the issues raised by the first answer, (Duyckinck v. Railroad Co., 5 Civil Proc. R. 22.)   There is absolutely no difference in principle between these cases and the one before us.   Here the plaintiff demurred to the answer within the time allowed by law, and the notices of trial must be deemed to have been given and received in subjection to the exercise of such

a right as well as the right to amend. The same reasoning upholds the practice of the plaintiff in moving to strike out the remaining portion of the answer as sham. The right to make such a motion must be deemed to be unaffected by a notice of trial given or received before the expiration of the time limited for the exercise of the right. The city court was, therefore, justified in disregarding the objections to proceedings upon the demurrer or upon the motion, such objections being founded solely upon the prior notice of trial.

The plaintiff's demurrer to the second defense contained in the answer was properly sustained. The defendant's contention is that the matter demurred to did not constitute a separate defense, but the matter is described in the answer as "a further defense," and the fact that the defendant has not separately numbered it is not controlling upon his adversary. His failure to comply with the Code in that respect cannot be urged in his own favor. While the words "for a further defense" are not controlling where the matter it precedes is not in fact a separate defense, (Thompson v. Kearney, 14 Daly, 342,) yet here there can be no doubt on the subject. The first defense is a denial that the plaintiff is the holder of the note for value, and an averment that the defendant Nylin is still the owner thereof. The second defense is that the note was given to Nylin for accommodation only, without consideration. The latter is new matter, set up as a defense, and is wholly separate from the denial in the first paragraph. As the appellant does not attempt in his brief on this appeal to argue that the matter demurred to constitutes a defense, it is not necessary to discuss that question. He puts his sole objection to the judgment on the ground that the matter demurred to did not attempt to set up a separate defense, but in this we cannot agree with him. After the judgment upon the demurrer had disposed of part of the answer, the remainder, which denied that the plaintiff is the holder of the note for value, and averred that defendant Nylin was still the owner thereof, was struck out as sham upon an affidavit of defendant Nylin, in which he deposes that he did, for value received by him before the maturity of the note, indorse and transfer it to the plaintiff; that the note was not made for accommodation, but given to him by defendant Rohrs in payment of an indebtedness incurred for work in stair building, which he had done for defendant Rohrs on buildings on Madison avenue; that deponent was indebted to plaintiff for material supplied him in doing the aforesaid work for Rohrs, and also received some cash at the time of indorsing and delivering the note. It therefore appears that the defendant's answer set up matter which he did not and could not know to be true at the time that the answer was interposed, viz. that the indorsee, Nylin, was still the owner of the note. The denial that the plaintiff was the "holder of the note for value" does not deny that the plaintiff was the holder and owner of the note, and therefore does not put in issue any material allegation of the complaint. The affirmative allegation that Nylin is still the owner of the note is conclusively disproved by Nylin's affidavit, to which the defendant Rohrs made no reply. After the entry of the interlocutory judgment for costs upon the demurrer the defendant moved to set the same

aside on the ground that it was unauthorized. No irregularity was stated in the order to show cause, but the affidavit complained that a final judgment for costs had been entered, which was claimed to be irregular. The motion was denied. The judgment as entered expressly provides that it is an interlocutory judgment, and not a final one. Had it been a final judgment, it would have provided for the recovery of the demand in the complaint. The objection seems to be that costs were taxed and included in this interlocutory judgment; but this is exactly what the Code allows. Section 3232; Adams v. Ward, 60 How. Pr. 288. The interlocutory judgment provides for execution for the collection of the costs. This also is authorized. Code, §§ 779, 3233. The judgment and orders appealed from must be affirmed, with costs. All concur.