(43 Misc. Rep. 19.)

### MAEDER v. WEXLER.

(Supreme Court, Appellate Term. February 23, 1904.)

1. INTERLOCUTORY JUDGMENT—STATUTE.
    Under Code Civ. Proc. § 1200, defining a judgment as either interlocutory, or a final determination of the rights of the parties in the action, a judgment entered against defendant, after demurrer to reply to a separate defense had been overruled, dismissing the separate defense, and providing that plaintiff recover a certain sum as costs and disbursements on the trial of the demurrer and issue of law, and that plaintiff have execution therefor, is interlocutory.

2. SAME—TAXING OF COSTS.
    The taxing of costs, and including them in an interlocutory judgment, is proper, under the express provisions of Code Civ. Proc. § 3232.

3. SAME—EXECUTION FOR COLLECTION OF COSTS.
    An interlocutory judgment properly provides for execution for the collection of costs, under the express provisions of Code Civ. Proc. §§ 779, 3233.

Appeal from City Court of New York, Special Term.

Action by Frederick J. Maeder against Adolph Wexler. From an order denying a motion to vacate a judgment, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Merrill & Rogers (Payson Merrill, of counsel), for appellant.

Langbein & Langbein (Leonard J. Langbein, of counsel), for respondent.

GIEGERICH, J.    The judgment attacked was entered against the defendant after the demurrer to a reply to a separate defense had been overruled, the facts in the case being more fully stated in the opinion herewith handed down on the appeal from the judgment.  87 N. Y. Supp. 400.    The ground of irregularity specified in the notice of motion is that the judgment is a final one, and could not properly be entered until all the issues in the case had been determined.    The judgment, omitting the recitals, is as follows:

"It is ordered, adjudged, and decreed that the demurrer to said reply be, and the same is hereby, overruled, and the plaintiff have, and he is hereby awarded, judgment dismissing second separate defense alleged in the 8th, 9th, 10th, 11th, 12th, and 13th paragraphs in said answer of the defendant, and that said plaintiff, Frederick J. Maeder, recover of and from the defendant, Adolph Wexler, the sum of $40.34, the costs and disbursements of the trial of said demurrer and issue of law, and that he (said plaintiff) have execution therefor."

The case of Brassington v. Rohrs, 3 Misc. Rep. 258, 22 N. Y. Supp. 761, decided by the General Term of the late Court of Common Pleas, is directly in point.    There the plaintiff demurred to one portion of the answer, and, after obtaining judgment in his favor as to that, moved to strike out the rest of the answer as sham, and so disposed of the whole defense.    A judgment on the demurrer was entered, which the defendant moved to set aside.    In affirming the order denying such motion, the court said:

"No irregularity was stated in the order to show cause, but the affidavit complained that a final judgment for costs had been entered, which was claimed to have been irregular.    The motion was denied.    The judgment, as entered, expressly provides that it is an interlocutory judgment, and not a final one.    Had it been a final judgment, it would have provided for the recovery of the demand in the complaint.    The objection seems to be that costs were taxed and included in this interlocutory judgment, but this is exactly what the Code allows (section 3232).    Adams v. Ward, 60 How. Prac. 288.    The interlocutory judgment provides for execution for the collection of the costs.    This also is authorized.    Code, §§ 779, 3233."

See, also, Bernheimer v. Hartmayer, 34 Misc. Rep. 346, 69 N. Y. Supp. 816.

Section 1200 of the Code makes the following definition:  "A judgment is either interlocutory, or the final determination of the rights of the parties in the action."   We cannot see any ground for argument that the judgment in this case is the "final determination of the rights of the parties in the action."   Their rights, not only upon the complaint itself, but upon the first defense, remain to be determined.    As said in Brassington v. Rohrs, supra, had this been a final judgment, it would have provided.for the recovery of the demand in the complaint.    The order should be affirmed, with costs.

Order affirmed, with costs.    All concur.