(109 App. Div. 132.)

### BIGELOW et al. v. DRUMMOND.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

Costs—Award in Interlocutory Order—Effect as Stay.

    Code Civ. Proc. § 3232, provides that, where an issue of law and an issue of fact are joined, and the issue of fact remains undisposed of when an interlocutory judgment is rendered upon the issue of law, the interlocutory judgment may award costs to the prevailing party either absolutely, or to abide the event of the trial of the issues of fact. Section 3233 declares section 779 applicable to interlocutory costs as if they were costs of a motion. Section 779 stays all proceedings except to review or vacate the order on the part of a party required to pay costs of a motion until payment thereof. *Held* that, where absolute interlocutory costs are awarded on an issue of law, while an issue of fact remains undisposed of, proceedings other than to review or vacate the order on the part of the party required to pay the same are stayed until payment, the same as costs of a motion.

Appeal from Special Term, Onondaga County.

Action by Clarence O. Bigelow and others, constituting the State Board of Pharmacy, against John H. Drummond. From an order denying a motion to open a default, plaintiff appeals. Reversed.

See 87 N. Y. Supp. 581, 90 N. Y. Supp. 913.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Harold D. Alexander, for appellant.

William D. Morrow, for respondent.

NASH, J. The action was brought in the Supreme Court to recover penalties under the public health law. Issues of law and issues of fact were joined in the action. An issue of law, raised by demurrer to one of the defenses set up in the answer, has been decided in favor of the plaintiff, with costs awarded to the plaintiff absolutely, and taxed, leaving the issues of fact undisposed of. Thereafter defendant obtained an order dismissing the complaint upon default. The plaintiff then made the motion in which the order appealed from was made to open the default as matter of right, on the ground that, as defendant had not paid the costs of the judgment on demurrer, his proceedings were stayed, and his application for a dismissal of the complaint was irregular.

The question here presented is whether interlocutory costs awarded upon an issue of law, where an issue of fact remains undisposed of, stay all proceedings on the part of the party required to pay the same, except to review or vacate the order or judgment, without further direction of the court, until the payment thereof, the same as costs of a motion.

Sections 3232 and 3233, Code Civ. Proc., provide:

"Sec. 3232. Where an issue of law and an issue of fact are joined, between the same parties to the same action, and the issue of fact remains undisposed of, when an interlocutory judgment is rendered upon the issue of law; the interlocutory judgment may, in the discretion of the court, deny costs to either party, or award costs to the prevailing party, either absolutely or to abide the event of the trial of the issue of fact."

"Sec. 3233. Section 779 of this act applied to interlocutory costs, awarded as prescribed in the last section, as if they were costs of a motion."

Section 779 provides that, where costs of a motion are not paid as directed by the order, an execution against the personal property only of the party required to pay the same may be issued, which execution shall be in the same form, as nearly as may be, as an execution upon a judgment, omitting the recitals and directions relating to real property; and all proceedings on the part of the party required to pay the same, except to review or vacate the order, are stayed without further direction of the court until the payment thereof.

In the case of Cassavoy v. Pattison, 101 App. Div. 128, 91 N. Y. Supp. 876, upon the authority of which the motion was decided, a final judgment for interlocutory costs awarded was entered, directing that the defendant have execution for the costs as taxed. The plaintiff moved for a retaxation of costs and for an order amending the judgment in so far as it directed a final judgment and execution, which, in effect, permitted a general execution against property, whereas, under section 779 of the Code, an execution against personal property only, omitting the recitals and directions relating to real property, is permitted. The decision in Cassavoy v. Pattison, reversing the order of the Special Term denying plaintiff's motion, is in accordance

with the provisions of the Code relating to a judgment and execution for interlocutory costs. But the further direction of the court for an amendment of the judgment, holding that, while costs on the determination of a demurrer may be granted absolutely, they may not be collected until the trial of other issues not disposed of, is contrary to the express provision of section 3232, the language of which is, that where an issue of law and an issue of fact are joined, and the issue of fact remains undisposed of, when an interlocutory judgment is rendered upon the issue of law, the interlocutory judgment may, in the discretion of the court, award costs to the prevailing party, either absolutely, or to abide the event of the trial of the issue of fact. The question here was not directly before the court in that case. It arises under that part of section 779 which stays all proceedings of a party required to pay costs of a motion, except to review or vacate the order, without further direction of the court, until the payment thereof, made applicable to interlocutory costs by section 3233. It seems to us that the language of these sections is capable of but one interpretation, which is, that, where interlocutory costs are awarded, all proceedings on the part of the party required to pay the same are stayed, the same as costs of a motion. The following are cases which hold that these sections of the Code introduce an entirely new rule as to interlocutory costs: Bernheimer v. Hartmayer, 34 Misc. Rep. 346, 69 N. Y. Supp. 816; Brassington v. Rohrs, 3 Misc. Rep. 258, 259, 22 N. Y. Supp. 761; Barnard, P. J., Phipps v. Carman, 26 Hun, 519; Maeder v. Wexler, 43 Misc. Rep. 19, 87 N. Y. Supp. 402.

Order reversed, with $10 costs and disbursements, and motion to open default granted, with $10 costs. All concur.