WILL v. BARNWELL.

(Supreme Court, Special Term, Erie County. October, 1909.)

1. COSTS (§ 276*)—MOTION COSTS—PENDING APPEAL—PAYMENT—STAY OF PROCEEDINGS.

An interlocutory judgment having been entered on an order of the Appellate Division sustaining defendant's demurrer to plaintiff's complaint, plaintiff perfected an appeal to the Court of Appeals, and moved for leave to appeal to the Court of Appeals, which motion was denied with $10 costs, after which the Court of Appeals on defendant's motion dismissed plaintiff's appeal with costs. *Held*, that all proceedings on plaintiff's part were stayed until payment of such motion costs by Code Civ. Proc. § 779, providing that, where motion costs are not paid within the time fixed by the order, all proceedings on the part of the party required to pay such costs, except to review or vacate the order, are stayed until payment thereof.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1045–1047, 1058–1060; Dec. Dig. § 276.*]

2. COSTS (§ 276*)—COSTS ON DEMURRER—PAYMENT BEFORE APPEAL.

　　Where an interlocutory judgment was entered on an order sustaining defendant's demurrer to plaintiff's complaint with leave to plaintiff to plead over on paying $143.38 costs, plaintiff was not stayed from taking steps to procure the entry of a final judgment from which he could appeal to the Court of Appeals until he paid such costs, as it is only when interlocutory costs are awarded in an action in which issues of law and issues of fact have been joined that the nonpayment of such interlocutory costs as provided by Code Civ. Proc. §§ 3232, 3233, effects a stay of proceedings.

　　[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1045–1047, 1058–1060; Dec. Dig. § 276.*]

Action by John Will against Charles P. Barnwell. On plaintiff's motion to compel defendant to enter final judgment sustaining demurrer to plaintiff's complaint. Granted conditionally.

See, also, 130 App. Div. 906, 115 N. Y. Supp. 1149.

Gordon F. Matthews, for the motion.

Daniel V. Murphy, opposed.

BROWN, J. An interlocutory judgment was entered in Erie county clerk's office February 10, 1909, upon an order of the Appellate Division sustaining defendant's demurrer to plaintiff's complaint, with leave to plaintiff to plead over upon paying to defendant $143.38 costs. Plaintiff has not paid these costs, and defendant refuses to enter final judgment dismissing plaintiff's complaint. Plaintiff moves for an order compelling defendant to enter such final judgment, to the end that plaintiff may appeal from such judgment to the Court of Appeals. Defendant contends that, because plaintiff has failed to pay such costs of $143.38 and $104.54 costs awarded by the Court of Appeals upon defendant's motion to vacate an appeal to that court, all proceedings on the part of the plaintiff are stayed by force of the provisions of section 779 of the Code of Civil Procedure, and cannot make this application. The plaintiff perfected an appeal to the Court of.Appeals from the order of the Appellate Division sustaining defendant's demurrer. Shortly thereafter plaintiff made a motion in the Appellate Division for leave to appeal to the Court of Appeals, which motion was denied with $10 costs. Subsequently the Court of Appeals on the motion of the defendant dismissed plaintiff's appeal to that court, with costs. These motion costs amount to $104.54. It is very clear that, by virtue of the provisions of section 779, all proceedings on the part of the plaintiff are stayed until the payment of these motion costs.

The claim of defendant, however, that the plaintiff is also stayed from taking any steps until he pays the costs awarded by the interlocutory judgment sustaining defendant's demurrer cannot be sustained. It is only when interlocutory costs are awarded in an action in which issues of law and issues of fact have been joined that the nonpayment of interlocutory costs under the provisions of sections 3232 and 3233 of the Code has the effect of staying proceedings. Bigelow v. Drummond, 109 App. Div. 132, 95 N. Y. Supp. 1027; Cohen v. Krulewitch, 81 App. Div. 147, 80 N. Y. Supp. 689.

The costs awarded defendant upon sustaining his demurrer were not awarded in an action in which the issues of law and issues of fact

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

had been joined. There is no issue of fact to be determined. A final judgment can be rendered upon the only issue between the parties from which an appeal can be taken to the Court of Appeals.

Ordered that the defendant enter final judgment sustaining his demurrer to plaintiff's complaint and dismissing the same upon plaintiff's paying to defendant the motion costs of $104.54 within 20 days, and, in event such costs are not paid, plaintiff's motion denied, with $10 costs.