(158 App. Div. 616.)

### STEVENSON v. DEVINS et al.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

1. PLEADING (§ 345*)—ANSWER—JUDGMENT.

    Where, in a suit to cancel a contract for the purchase of capital stock of a corporation, defendant put in issue the material allegations of the complaint charging fraud, and the personal representatives of decedent, with whom the contract was made, alleged as a counterclaim that certain sums were due thereunder, and demanded a dismissal of the complaint and an affirmative judgment on the counterclaim, a motion for judgment on the pleadings was properly denied, regardless of whether the counterclaim was authorized.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

2. SET-OFF AND COUNTERCLAIM (§ 29*)—CLAIMS SUBJECT OF COUNTERCLAIM— SUIT TO CANCEL CONTRACT—INSTALLMENTS DUE.

    Code Civ. Proc. § 501, provides that a counterclaim must tend in some way to diminish or defeat plaintiff's recovery, and must be a cause of action against him in favor of defendant arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action, and, in an action on contract, any other cause of action on contract existing at the commencement of the action. *Held*, in a suit to cancel for fraud, a contract for the purchase of corporate stock, a claim for installments due under the contract was available as a counterclaim.

    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51; Dec. Dig. § 29.*]

Appeal from Special Term, New York County.

Action by Andrew Stevenson against Charlotte E. Devins and Thornton B. Penfield, as executors of the estate of John Bancroft, deceased, and Thornton B. Penfield individually. From an order denying plaintiff's motion for judgment on the counterclaim interposed by Devins and Penfield, as executors, on the ground that the same was not of the character permitted by Code Civ. Proc. § 501, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

---

Archibald Ewing Stevenson, of New York City, for appellant.
William P. Chapman, Jr., of New York City, for respondents.

LAUGHLIN, J.   This is a suit in equity to cancel a contract made by the plaintiff with the decedent, John Bancroft Devins, on the 3d day of April, 1911, for the purchase of the entire capital stock of the New York Observer, a weekly newspaper devoted to the interests of the Presbyterian religious denomination, of which said Devins was president, general manager, and editor, and he owned a majority of its capital stock, and another contract made by the plaintiff with the executrix and executor of said Devins on the 4th day of October, 1911, modifying the former contract, and for an accounting and restoration by the personal representatives of said Devins, and by the defendant Penfield individually, of the moneys paid by the plaintiff pursuant to said contract.   The ground upon which the relief is demanded is that the execution of each of said contracts by the plaintiff was induced by false and fraudulent representations of the decedent, and of his executor, who was his stepson and the son of the defendant executrix, respectively, with respect to the value of the capital stock of said corporation and its business, assets, and financial condition.

The material allegations of the complaint charging fraud were put in issue, and the personal representatives of the decedent alleged, as a counterclaim, that under the contract as modified an installment of money became due from the plaintiff to them in their representative capacities on the 4th day of April, 1912, and they demand the dismissal of the complaint and an affirmative judgment on the counterclaim.

[1] We are of opinion that the motion was properly denied, regardless of the question as to whether the counterclaim is authorized; for, since the material allegations of the complaint are put in issue, the plaintiff was not entitled to judgment on the pleadings.   Code of Civil Procedure, §§ 547.   In such case plaintiff's remedy was by demurrer or by motion on the trial.

[2] The question, however, upon which a decision of the appeal is desired, is whether, in an action to annul a contract on the ground of fraud, a defendant may properly interpose a counterclaim for moneys due under the contract, and since the question has been fully argued we deem it proper to express an opinion thereon.   The fact that the cause of action and the counterclaim are not triable by the same branch of the court is of no importance on the question.   The courts appear to have had considerable difficulty in determining when a counterclaim is authorized under the provisions of sections 500 and 501 of the Code of Civil Procedure, and thus far no plain rule, on which all questions arising may readily be determined, has been devised.   It would, therefore, serve no useful purpose to review the decisions on this point.

Said section 500, in so far as it relates to a counterclaim, provides that the answer "must contain   *   *   *   a statement of any new matter constituting a   *   *   *   counterclaim, in ordinary and concise language without repetition"; and said section 501, so far as material to the question presented for decision, provides that the counterclaim

"must tend, in some way, to diminish or defeat the plaintiff's recovery, and must be" a cause of action against the plaintiff in favor of the defendant "arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action," and "in an action on contract, any other cause of action on contract, existing at the commencement of the action." It is manifest that the case does not fall within the last provision quoted, for the action is not on contract. It is quite clear, I think, however, that the contracts sought to be canceled and annulled are the subject of the action. The plaintiff's cause of action is for the annulment and cancellation of the contracts, and the defendants' counterclaim is for the enforcement of the contracts.

In People of State of N. Y. v. Dennison et al., 84 N. Y. 272, which was an action to recover public moneys, the payment of which to contractors had been induced and obtained by fraud and collusion with state officers, and which the Court of Appeals had previously held sounded in tort and could not be sustained on the theory of liability founded on contract (80 N. Y. 656), it was held that a counterclaim for a balance due to the contractors for work done under the contract was not a proper counterclaim under section 150 of the Code of Procedure. That decision, however, was placed upon the ground that the action was for a tort. The action at bar, however, is not one in tort. The relief demanded is of an equitable nature, and the fraud is alleged merely as ground for the relief sought.

Subsequent, however, to the decision in People v. Dennison et al., supra, it was held in Ter Kuile v. Marsland, 81 Hun, 420, 31 N. Y. Supp. 5, that a counterclaim for moneys due under a contract of agency was properly interposed in an action against the agent for conversion of moneys collected by him. In Thomson v. Sanders, 118 N. Y. 252, 23 N. E. 372, which was an action to enforce liability on a bond, it was held that a counterclaim for damages sustained by the defendant through the fraudulent representations of the plaintiff in inducing him to execute the bond was proper. In Xenia Branch Bank v. Lee, 7 Abb. Prac. 372, which was an action for conversion of notes, a counterclaim against the plaintiff as indorser on the notes was held to be authorized. In Carpenter v. Manhattan Life Ins. Co., 93 N. Y. 552, which was an action by a first mortgagee against a second mortgagee in possession, to recover for the conversion of wood, a counterclaim for unlawfully cutting the timber, and thus impairing the security of the defendant's mortgage, was sustained on the theory that the *wood* was the subject of the action.

Some of the authorities hold that these provisions of the Code of Civil Procedure and the corresponding provisions of the Code of Procedure were designed to prescribe a *reciprocal* rule, and that, where a counterclaim is properly pleaded, the cause of action to which it is pleaded might be pleaded as a counterclaim, if the defendant had brought the action. Adams v. Schwartz, 137 App. Div. 230, at page 235, 122 N. Y. Supp. 41, and cases cited. Applying that rule here presents the point more clearly, for it would seem evident that, in an action to recover moneys due on a contract, the defendant might inter-

pose a counterclaim for the cancellation and annulment of the contract on the ground of fraud, and should not be relegated to a separate action, and to obtaining a stay of the action to enforce the contract, in the meantime.

It follows, therefore, that the order should be affirmed, with $10 costs and disbursements. All concur.

