SAYRE v. PROGRESSIVE CONSTRUCTION & LEASING CO.

(Supreme Court, Appellate Division, First Department.   December 19, 1913.)

1. PLEADING (§ 345*)—MOTIONS FOR JUDGMENT—ALLOWANCE.
    Where a defendant files a counterclaim, plaintiff is not entitled regardless whether or not the counterclaim states a cause of action, to have judgment upon the pleadings in accordance with Code Civ. Proc. § 547, providing that, if either party is entitled to judgment upon the pleadings, the court may, upon motion, give judgment accordingly, for the judgment in favor of plaintiff and against defendant's counterclaim would not be a final one, not disposing of the issues raised by the complaint.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

2. PLEADING (§ 350*)—JUDGMENT ON PLEADING—INTERLOCUTORY JUDGMENTS.
    Notice of the motion for judgment on the pleadings provided for by Code Civ. Proc. § 547, does not make the proceeding equivalent to a determination by a demurrer so as to warrant an interlocutory judgment against defendant's counterclaim upon plaintiff's motion for judgment.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077;  Dec. Dig. § 350.*]

3. JUDGMENT (§§ 203, 217*)—FINAL JUDGMENT—DISPOSAL OF ALL ISSUES.
    Where there is no severance of the issues in accordance with Code Civ. Proc. § 1220, providing for severance in special cases, there can be only one final judgment, and it must dispose of all the issues.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 361, 394, 984; Dec. Dig. §§ 203, 217.*]

Appeal from Special Term, New York County.

Action by Reginald H. Sayre against the Progressive Construction & Leasing Company.   From an order and a final judgment dismissing its counterclaim with costs, defendant appeals.   Order and judgment reversed.

See, also, 154 App. Div. 892, 138 N. Y. Supp. 1140.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Henry S. Dottenheim, of New York City (Robert C. Birkhahn, of New York City, on the brief), for appellant.

Robert Kelly Prentice, of New York City, for respondent.

LAUGHLIN, J.   Other issues raised by the amended complaint and amended answer, so far as this record shows, remain undetermined.   No demurrer which might have been brought on for trial by motion (Code Civ. Proc. § 976) was interposed to the counterclaim. The judgment dismissing the counterclaim was entered pursuant to an order made on the plaintiff's motion for judgment dismissing it.

[1] We do not deem it necessary to consider the sufficiency of the counterclaim, for that question could not be presented for decision by a motion which, if granted, would not dispose of all of the issues in the action and entitle the moving party to a final judgment thereon. Code of Civil Procedure, § 547; Stevenson v. Devins, 158 App. Div. 616, 143 N. Y. Supp. 916 (First Dept., decided November 7, 1913).

[2] The learned counsel for the respondent attempts to sustain the judgment on the theory that it is in effect an interlocutory judgment; but it is not interlocutory, either in form or substance; and, if it were, section 547 of the Code of Civil Procedure, pursuant to which the motion was made, does not make the notice of motion equivalent to a demurrer to a pleading, upon sustaining which an interlocutory judgment may be entered. The provisions of the Code of Civil Procedure authorizing a demurrer as a pleading and providing for the disposition of issues of law arising thereon have been retained. Code of Civil Procedure, §§ 421, 965–969; Maeder v. Wexler, 43 Misc. Rep. 19, 87 N. Y. Supp. 402; Bigelow v. Drummond, 109 App. Div. 132, 95 N. Y. Supp. 1027. Nor can the judgment be sustained on the theory that the order severed the issues in the action.

[3] The Code of Civil Procedure authorizes the severance of the issues in an action in certain cases (Code of Civil Procedure, §§ 497, 1220); but this motion was not made for that relief, and manifestly the case does not fall within the provisions of those sections. Moreover, in the absence of such severance on motion, it is the general rule that there can be only one final judgment in an action; and, while this rule has exceptions arising from different dispositions of issues on the trial or on appeal which constitutes a practical severance, the case at bar does not fall within them. Bauer v. Hawes, 115 App. Div. 492, 101 N. Y. Supp. 455; Schuller v. Robison, 139 App. Div. 97, 123 N. Y. Supp. 881; City of Buffalo v. D., L. & W. R. R. Co., 176 N. Y. 308, 68 N. E. 587; Altman v. Hofeller, 152 N. Y. 498, 46 N. E. 961. See, also, Draper v. Interborough Rapid Tr. Co., 124 App. Div. 357, 108 N. Y. Supp. 691.

It follows, therefore, that the order and judgment should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.