OMER FEIZI, Substituted as Assignee of ALEXANDER C. CASTRIOTIS and CHRYSANTHOS T. KONTOS, Copartners, Doing Business under the Firm Name and Style of A. C. CASTRIOTIS-KONTOS COMPANY, Respondent, *v.* SECOND RUSSIAN INSURANCE COMPANY, Appellant.

First Department, February 1, 1922.

**Pleadings — complaint — substantial amendment of complaint on trial and adjournment granted after motion to dismiss for insufficiency, although action commenced prior to taking effect of Civil Practice Act — Civil Practice Act, §§ 105, 1569, and Rules of Civil Practice, rules 106, 166, applied — court did not abuse discretion in granting amendment and adjourning trial — purpose of Civil Practice Act and Rules of Civil Practice.**

In an action commenced prior to the taking effect of the Civil Practice Act, but which came to trial thereafter, the trial court had the power by virtue of sections 105 and 1569 of the Civil Practice Act and rule 166 of the Rules of Civil Practice, to grant plaintiff's motion, made after defendant had moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, to amend his complaint in a substantial manner and to adjourn the trial of the case for two months.

The obvious intention of rule 166 of the Rules of Civil Practice, which provides in part, " 1. If a pleading be defective, whether for failure to state a cause of action * * * and objection thereto has not been raised before the trial, the judge may permit it to be amended * * *. In granting any amendment hereinbefore provided for, the judge may adjourn the trial or direct a new trial, and impose terms and conditions in his discretion," is to give to the judge presiding at the trial the full power of the court to grant amendments to pleadings, and, therefore, any amendment that might have been granted by a judge at Special Term may be allowed by the judge presiding at the trial.

The exercise of this power is safeguarded by giving to such judge full power to " adjourn the trial, or grant a new trial and impose terms and conditions in his discretion," and unless it shall appear that the discretion has been abused and the rights of the adverse party substantially impaired, the Appellate Division will not interfere with the action of the trial court.

Furthermore, the defendant could have made the motion to dismiss based on the insufficiency of the complaint within twenty days after the service of the complaint under rule 106 of the Rules of Civil Practice, and it cannot now complain that the time that it might have secured by prompt action is lost through its own dilatory tactics.

As it does not appear that the time allowed by the trial court was not ample ·to enable the defendant to prepare to meet the issues tendered by the amendment to the complaint, the Appellate Division will not interfere with the exercise of the discretion of the trial justice.

The object of the Civil Practice Act and the Rules of Civil Practice was to simplify the practice, do away with many technical requirements, and avoid unnecessary and vexatious delays.

APPEAL by the defendant, Second Russian Insurance Company, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 15th day of December, 1921, granting plaintiff's motion to amend the complaint.

*William A. Hyman* of counsel, for the appellant.

*Shearman & Sterling* [*Chester B. McLaughlin, Jr.,* of counsel; *Carl A. Mead* with him on the brief], for the respondent.

PAGE, J.:

Upon the trial of this action the defendant moved, upon the complaint and the opening of the plaintiff's counsel, to dismiss the complaint upon the ground that facts sufficient to constitute a cause of action were neither alleged in the complaint nor stated by counsel. The plaintiff's counsel thereupon moved to amend his complaint in certain particulars, which the defendant's counsel claims materially changed the cause of action. The court directed the withdrawal of a juror, granted the plaintiff's motion, and adjourned the trial for two months.

The appellant claims that, as the action was commenced prior to the taking effect of the Civil Practice Act, the rules governing amendments to pleadings under the Code of Civil Procedure applied by virtue of section 1569 of that act. He has failed to notice the last sentence of that section, which reads: " The provisions of article nine of this act are expressly made applicable to pending actions and proceedings." Article 9 of the Civil Practice Act deals with mistakes, defects and irregularities. The first section, under article 9, is 105, which, so far as applicable to this case, provides: " At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the

case may be, in the discretion of the court with or without terms." The appellant's counsel contends that, if the Civil Practice Act and the rules thereunder do apply, there has been no substantial change in practice. To obviate such a contention, rule 166 was adopted, which provides, so far as material to this case: " 1. If a pleading be defective, whether for failure to state a cause of action   *   *   *   and objection thereto has not been raised before the trial, the judge may permit it to be amended   *   *   *.   In granting any amendment hereinbefore provided for, the judge may adjourn the trial or direct a new trial, and impose terms and conditions in his discretion." Under the Code practice a judge at Trial Term had power to amend a pleading only by adding or striking out the name of a person as a party, or by correcting a mistake in any other respect, or by inserting an allegation material to the case; even where the amendment was made to conform the pleading to the facts proved, it could not substantially change the claim or defense. (Code Civ. Proc. § 723.) Where a substantial amendment was to be made, the practice was to ask leave to withdraw a juror, and make the motion at Special Term. The obvious intention of rule 166 is to give to the judge presiding at the trial the full power of the court to grant amendments to pleadings. Therefore any amendment that might have been granted by a judge at Special Term may be allowed by the judge presiding at the trial. The exercise of this power is safeguarded by giving to such judge full power to " adjourn the trial or direct a new trial, and impose terms and conditions in his discretion." Unless it shall appear that the discretion has been abused, and the rights of the adverse party substantially impaired, this court will not interfere with the order.

The object of the Civil Practice Act and the Rules of Civil Practice was to simplify the practice, do away with many technical requirements, and avoid unnecessary and vexatious delays. The defendant could have made the motion within twenty days after the service of the complaint (Rule 106, Rules of Civil Practice), when it would have had twenty days after the service of the amended complaint in which to answer, and until the case was reached in its order upon the calendar in which to prepare for trial. It waited, however, until the

case was actually reached, and then made the motion, and cannot complain that the time that it might have secured by prompt action is lost through dilatory tactics. It does not appear that the time allowed by the court was not ample to enable the defendant to prepare to meet the issues tendered by the amendment to the complaint. We see no reason to interfere with the exercise of the discretion of the trial justice.

The order will, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.