KOPPEL INDUSTRIAL CAR AND EQUIPMENT COMPANY, Plaintiff, *v.* PORTALIS & COMPANY, LIMITED, Defendant.

Supreme Court, New York Special Term, October, 1922.

**Practice — motion to dismiss complaint for insufficiency must be made within twenty days of its service — motion to dismiss one of two causes of action.**

Where to an amended complaint separately stating two distinct causes of action the defendant answers each with denials and pleads several counterclaims to each of which a reply was served a motion by defendant for judgment dismissing the first cause of action upon the ground that the facts alleged did not state a cause of action, is not authorized by the Rules of Civil Practice.

The specific provision of the Rules of Civil Practice that a motion for judgment dismissing a complaint or a cause of action stated therein for insufficiency shall be made within twenty days after the service of the complaint is controlling over the general provisions of section 476 of the Civil Practice Act as to the rendition of judgment on the pleadings at any stage of the action and other provisions for separate judgment.

Where, therefore, defendant's motion was made more than twenty days after the service of the complaint an objection that it was not made in time and that it was made after an answer had been served without passing on the question of the sufficiency of the first cause of action alleged in the complaint, will be sustained.

MOTION for judgment on the pleadings.

*Hornblower, Miller & Garrison* (*George S. Hornblower* and *Frederic G. Bastian*, of counsel), for plaintiff.

*Gould & Wilkie* (*Charles G. Kentgen*, of counsel), for defendant.

TIERNEY, J.   The amended complaint sets forth separately two distinct causes of action. The defendant has answered each with denials and pleaded several counterclaims thereto, to which a reply has been served. More than twenty days have elapsed since the service of the complaint. The defendant makes this motion for a judgment upon the pleadings of dismissal of the first cause of action upon the ground that the facts alleged do not constitute a cause of action. The plaintiff raises the objection that this motion is not authorized by the Rules of Practice. Such a motion cannot be made under the Code of Civil Procedure. If the first cause of action should be dismissed it would not leave the defendant entitled to judgment with the second cause of action outstanding, and the only provision under the Code to test the sufficiency of the pleadings by motion was where final judgment could be awarded to one party or the other. I am referring to a case where an issue of fact had been joined by the service of an answer. Where an issue of law was raised by a

demurrer to one of the causes of action it could be heard and decided separately from the trial of the issues of fact, but if the demurrer was sustained it was only a separate trial of the issues, and final judgment on the determination of the issue of law would await the determination of the issues of fact and but one final judgment made. The Civil Practice Act has deprived a party of testing the sufficiency of a separate cause of action or defense by means of the demurrer which is abolished. In place thereof a motion may be made for judgment dismissing the complaint or one or more causes of action stated therein where it appears on the face thereof that the complaint does not state facts sufficient to constitute a cause of action. Rules of Civil Practice, rule 106. This motion must be made within twenty days after service of the complaint. If it is not made the objection is not waived by failure to raise the same before trial. Civil Practice Act, § 279. I think that these provisions prescribe the practice in a case like the present, that the defendant must make the motion which is the present equivalent of a demurrer within twenty days or he may answer and reserve the right to raise any question as to the sufficiency of the complaint at the trial and that no intermediate application of the same nature can be made. In this case when all the issues and questions have been determined the plaintiff or the defendant will be entitled to final judgment. The determination now of whether one of the causes of action is sufficiently pleaded will not anticipate or accelerate the determination of the final result of this action. If it was not of sufficient importance to warrant a resort to the present substitute of a demurrer there is no apparent reason why it may not be left for consideration at the trial. The defendant refers to the general provision of section 476 of the Civil Practice Act as to judgment being rendered on the pleadings at any stage of an action and other provisions for separate judgments in an action. I think that these are meant to cover cases where the right of a party to affirmative relief is not disputed and that relief can be awarded without awaiting the final outcome of the action and without effect upon the final outcome of the other matters involved, as, for instance, where part of a plaintiff's claim is admitted. The provisions of the Rules of Practice that a motion for judgment dismissing the complaint or a cause of action stated therein for insufficiency specifically directs that it be made within twenty days after the service of the complaint. I think that this is controlling over general provisions and that a party relying upon these general provisions must show that his motion does not come under the rule in which specific direction has been made. I sustain the

objection to the defendant's motion upon the ground that it is not made within twenty days after service of the complaint and that it is made after an answer has been served without passing on the question of the sufficiency of the statement of the first cause of action in the amended complaint. Order signed.

Ordered accordingly.