**144** Koppel Industrial C. & E. Co. *v.* Portalis & Co., Ltd.

First Department, April, 1923. [Vol. 205

Koppel Industrial Car and Equipment Company, Respondent, *v.* Portalis & Company, Limited, Appellant.

First Department, April 6, 1923.

**Judgments** — motion for judgment on pleadings dismissing one cause of action — defendant may move under Rules of Civil Practice, rule 112, after issue joined to dismiss one cause of action on ground of insufficiency — judgment· may be entered under Civil Practice Act, § 476 — severance need not be granted — under Rules of Civil Practice, rule 195, determination that one cause of action should be dismissed may rest on order until final judgment — case remitted to Special Term to pass on merits.

A motion to dismiss one cause of action stated in the complaint on the ground of insufficiency may be made under rule 112 of the Rules of Civil Practice at any time after issue is joined, and defendant is not required to make the motion within twenty days of the service of the complaint pursuant to rule 106 of the Rules of Civil Practice.

A defendant may move to dismiss one cause of action on the ground that it does not state facts sufficient to constitute a cause of action and the court is authorized by section 476 of the Civil Practice Act to enter a judgment dismissing one cause of action.

It is not necessary that there should be a severance merely because there remains another cause of action to be tried, for, under rule 195 of the Rules of Civil Practice, the determination that one of the causes of action should be dismissed can rest upon the order directing its dismissal until final judgment determining all the issues can be properly entered.

The order denying defendant's motion to dismiss the first cause of action, which was made on the sole ground that the court did not have power to grant it and without considering the merits of the application, must be reversed and the case remitted to the Special Term to consider the motion upon the merits, and the request by the defendant that the Appellate Division determine the question of sufficiency of the first cause of action cannot be granted in view of the fact that the plaintiff did not brief that phase of the case, relying on a stipulation that the court at Special Term had not considered the matter.

Appeals by the defendant, Portalis & Company, Limited; from two orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of September, 1922, and the 26th day of October, 1922, respectively, denying its motions for "judgment upon the pleadings herein overruling and dismissing the alleged first cause of action in the aforesaid amended complaint on the ground that the same does not set forth facts sufficient to constitute a cause of action."

*Gould & Wilkie* [*Charles G. Keutgen* of counsel], for the appellant.

*Hornblower, Miller & Garrison* [*George S. Hornblower* of counsel; *Frederic G. Bastian* with him on the brief], for the respondent.

PAGE, J.:

The defendant moved for judgment on the pleadings, consisting of an amended complaint, answer, reply and plaintiff's bill of particulars, dismissing the first cause of action.

The action was commenced on March 30, 1921. The motion was, therefore, construed as being made under section 547 of the Code of Civil Procedure (Civ. Prac. Act, § 1569), and the court in denying the motion said: "Although under section 476 of the Civil Practice Act, defendant's motion for judgment would apparently be a proper one, as the motion is made under section 547 of the Code, and the pleadings contain another cause of action and a counterclaim to which a reply has been interposed the motion must be denied. (*Sayre* v. *Progressive Construction & Leasing Co.,* 159 App. Div. 799.)"

The defendant renewed the motion on the same papers, stating, however, that the application was made pursuant to the provisions of the Civil Practice Act. This motion was also denied upon the ground that a motion to test the sufficiency of a cause of action must be made within twenty days after the service of the complaint pursuant to rule 106 of the Rules of Civil Practice, and if not so made, the objection may be raised at the trial; and that no intermediate application of the same nature can be made. (See 119 Misc. Rep. 424.) Appeals are taken from each of these orders.

Upon the second motion the learned justice stated that he disposed of the matter without considering the sufficiency of the first cause of action in the amended complaint. The parties have stipulated that upon the first motion the sufficiency of the first cause of action was not considered. The questions, therefore, determined by the court at Special Term on both motions were purely questions of practice.

We have recently decided that a defendant, by failing to move under rule 106 to dismiss the complaint for insufficiency, does not lose the right to make the motion except upon the trial of the action; but that at any time after issue joined by the service of an answer he is entitled to make any motion, pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings which he could make at the trial. (*Klippel* v. *Weil,* 204 App. Div. 323, 324.)

Respondent contends that a motion for judgment on the pleadings after issue joined can be granted only where a final judgment disposing of all the issues can be entered upon the motion. The authorities upon which he relies (*Stevenson* v. *Devins,* 158 App. Div. 616; *Sayre* v. *Progressive Construction & Leasing Co.,* 159 id. 799)

**146**  KOPPEL INDUSTRIAL C. & E. CO. *v.* PORTALIS & CO., LTD.

First Department, April, 1923.  [Vol. 205

were cases in which the plaintiff moved for judgment dismissing counterclaims in answers which also contained denials of material allegations of the complaint. Under such circumstances no judgment could be entered. We have frequently had occasion to point out that " the object of the Civil Practice Act and the Rules of Civil Practice was to simplify the practice, do away with many technical requirements, and avoid unnecessary and vexatious delays " (*Feizi* v. *Second Russian Ins. Co.*, 199 App. Div. 775), and also to simplify issues to be tried, by eliminating before trial causes of action which are insufficient, or defenses without merit. This latter purpose is disclosed by providing not alone for motions where the defect appears upon the face of the pleading (Rules Civ. Prac., rules 106, 109), but also that where the defect does not appear upon the face of the pleading, a motion may be made, upon the pleading and an affidavit tending to show vital defects, for a dismissal of the complaint or of one or more causes of action stated therein, or for a dismissal of a counterclaim stated in an answer (Rules Civ. Prac., rules 107, 108, 110), also for striking out a reply or a separate defense therein (Rules Civ. Prac., rule 111); also for summary judgment (Rules Civ. Prac., rule 113) upon which a partial judgment may be entered (Rules Civ. Prac., rule 114), as well as for judgment on the pleadings after issue joined (Rules Civ. Prac., rule 112). Section 476 of the Civil Practice Act provides: " Judgment may be rendered by the court in favor of any party or parties, and against any party or parties, at any stage of an action or appeal, if warranted by the pleadings or the admissions of a party or parties; and a judgment may be rendered by the court as to a part of a cause of action and the action proceed as to the remaining issues, as justice may require."

The respondent contends that this section only authorizes judgment as to a part of a cause of action and not to an entire cause of action where more than one is stated in the complaint. But the last phrase is not a limitation upon the power vested in the court by the first part of the section, but an additional provision allowing judgment to be given as to a part of a cause of action. The first portion is stated broadly enough to embrace power to give judgment on an insufficiently stated cause of action. A severance need not be granted merely because there remains another cause of action to be tried. Rule 195 of the Rules of Civil Practice provides how a judgment shall be entered where a motion for judgment has been determined and issues of fact arising in the same action have been tried or otherwise disposed of. Therefore, it is not necessary to sever the action and enter a separate judgment on the one cause of action, for the determination as to that cause of

action can rest upon the order until final judgment determining all the issues can be properly entered.    We can see no reason why the parties should be put to the expense of preparing for a trial of a cause of action which would be dismissed at the opening of the trial, nor why the judge presiding at the Trial Term should be called upon to hear argument and decide such questions as may be more advantageously disposed of at Special Term in advance of the trial.

The sufficiency of the first cause of action was not considered at Special Term; nevertheless the appellant asks us to determine it on this appeal.    The respondent has not briefed this phase of the case, relying on the stipulation that the court at Special Term had not considered the matter.    It also appears that a further bill of particulars has been ordered.

For these reasons we are of  opinion that the orders should be reversed, with ten dollars costs and disbursements upon each appeal, and the matter remitted to the Special Term in order that the motion may be considered upon the merits.

DOWLING, SMITH, FINCH and McAVOY, JJ., concur.

Orders reversed, with ten dollars costs and disbursements upon each appeal, and the matter remitted to the Special Term for consideration of the motion upon the merits.