PRISCILLA BOOKBINDER, Plaintiff, *v.* BERNARD BOOKBINDER, Defendant.

Supreme Court, Special Term, Queens County, April 30, 1954.

*Redman & Rogers* for plaintiff.

*Maurice Shorenstein* for defendant.

CONROY, J. Plaintiff moves to strike the defendant's notice of intention to amend his answer upon the trial of this action for a separation.

Issue was joined on February 23, 1954, and a note of issue has been served for the May, 1954, Term of this court. On April 15, 1954, the attorneys for the plaintiff received by mail from the attorney for the defendant a three-page notice dated April 13, 1954, to the effect that upon the trial of the action defendant would move to amend his answer by changing paragraph " 3 "

thereof and adding two complete affirmative defenses. The proposed amendments are set forth in full in said notice.

Plaintiff objects to this notice on the ground that the defendant has ample time to seek leave of court to amend his answer by a formal motion in Special Term, and that the procedure adopted by the defendant is prejudicial inasmuch as the proposed amendments contain matter objectionable generally, and particularly under rule 103 of the Rules of Civil Practice.

Without passing upon the merits of the proposed amendments, this court is of the opinion that the defendant's procedure for effectuating them is irregular and prejudicial to the plaintiff. Where, as here, there is time to move in Special Term for leave to amend a pleading, that should be done on motion in the usual manner, accompanied by the proposed pleading, supported by an affidavit by the party himself or his attorney, if he has personal knowledge, setting forth the nature of the defects sought to be corrected by the amendment, the reason why a proper pleading was not served in the first instance, and the facts indicating that a good cause of action or defense exists under the proposed amendment and such other facts as will move the court to exercise its discretion in favor thereof.

It is only where the attorney, because of the imminence of the trial, has no time in which to move to amend his pleading in the manner previously indicated, that he may resort to the service upon opposing counsel of a notice that he will apply at the trial to amend the pleading in the expressly stated particulars. The mere service of that notice, of course, does not *ipso facto* constitute an amendment (*La Manna* v. *Pilitz,* 79 N. Y. S. 2d 578), nor assure that the trial court will grant it. It may adjourn the trial to permit the motion to be made in Special Term or grant the motion and adjourn the trial in order to permit the adverse party to prepare its case in light of the amendment. (*Tauraso* v. *Texas Co.,* 275 App. Div. 856.) In any event, the service of a notice of intention to amend is but a poor substitute for a formal motion in Special Term. It is not expressly authorized either by our Civil Practice Act or by our Rules of Civil Practice. It is employed as the basis for invoking the exercise of the court's discretion, under rule 166 of the Rules of Civil Practice, to grant the amendment of pleadings at the trial. (*Feizi* v. *Second Russian Ins. Co.,* 199 App. Div. 775, 777.)

This method of obtaining the amendment of pleadings, when resorted to, should be limited to unsubstantial amendments and only where there is no time in which to apply to Special Term.

The amendments embodied in the notice involved in this case do not fall within this category. They are substantial, and there is sufficient time in which to make a formal motion in Special Term.

The plaintiff's motion is, accordingly, granted.

Submit order.